*Petition and form of order proper under chapter* 307 *of* 1879.

A petition, signed by twenty-five freeholders of the town of Eastchester, alleged that they had paid taxes on such real estate in said town within one year, and that they had cause to believe that the moneys of such town were being unlawfully or corruptly expended; that the bills for town government, audited by the town auditor, were enormously large and out of proportion to the expense of governing any other town in the county, and that they had reason to believe that the same were either wholly or in part fraudulent, unjust and corrupt, that unless such action should be restrained by the court such bills would be paid, and prayed for a summary investigation.

To this petition, which was duly verified by the several freeholders, was attached an abstract of the accounts audited by the board of town auditors of the town of Eastchester, at their annual session preceding the date of the verification of the petition.

*Held*, that the petition was in due form and contained all the allegations necessary to set the machinery, provided by chapter 307 of the Laws of 1879, in motion.

That the fact that the petitioners had other remedies afforded them, by which to prevent the waste of the public moneys, was not a ground of objection to the present proceeding.

That the fact that the bills in question had been examined and audited by the town board did not give them any validity, if fraudulent.

That the act was a remedial statute and should be liberally construed to effect its intent.

That it was not intended to punish acts already done, but to prevent the doing of acts prejudicial to the public interest.

APPEAL by David Quackenbush, supervisor of the town of East-chester, individually and as such supervisor, from an order made in the above-entitled matter by Hon. JACKSON O. DYKMAN, on the 5th day of March, 1889, and entered in the clerk's office of West-chester county on that day. The petition was as follows:

STATE OF NEW YORK, ss.:

*To the Supreme Court of the State of New York:*

Gerd Martens, * * * being, severally, duly sworn, says: That they are freeholders of the town of Eastchester, and have paid taxes on such real estate in said town within one year, and they have cause to believe that the moneys of such town are being unlawfully or corruptly expended.

That the bills for town government audited by the town auditor, and now included in the tax levy by the board of supervisors of the county of Westchester, are enormously large, aggregating about $20,000, to wit, $19,539.07, and are out of proportion to the expenses of governing any other town in the county, and deponents have reason to believe that the same are either wholly or in part fraudu-lent, unjust and corrupt.

That the receiver of taxes, one George H. Behrmann, will open his books on February twentieth, inst., as advertised, unless this court affords relief to the deponents the said bills will be paid by the supervisor of the town of Eastchester, or by the said receiver, and the deponents, the taxpayers, be without remedy; that a copy of the said accounts for town bills is hereunto annexed.

Deponents, therefore, pray for a summary investigation of the affairs of the said town, and that an injunction be granted restraining the payment of the said bills until further order of this court.

The order appealed from, after reciting the petition and an order to show cause granted in this matter, and the affidavit of the super-visor of the town of Eastchester in opposition thereto, proceeded as follows:

"Francis Larken, Jr., James S. Millard and Peter U. Fowler are appointed experts to make a summary and speedy investigation into the financial affairs of the town of Eastchester, and the official accounts of all the officers of that town, and make a full report of the state and condition of all such accounts of such officers with or relating to the said town.

They shall also make a full and complete examination of the claims and accounts presented against the town of Eastchester during the last year to any of the officers of that town, and the amounts allowed therefor, and make a full and complete statement and report of the same.

They shall also make a full and complete statement and report of the accounts and claims of all the town officers of the town of Eastchester against the said town for services or fees or allowances during the last year.

They shall also ascertain and report whether any claims presented against the town of Eastchester during the last year are or were unlawful or in excess of lawful fees and rates, or were fraudulent or corrupt.

They shall also ascertain and report whether any sums or amounts allowed by any town officers or board are unlawful or in excess of legal rates or fees, or were corrupt or fraudulent, or whether any claims or accounts prescribed by any town officer for fees or services or disbursements were unlawful or in excess of legal rates.

All and each of the town officers of the town of Eastchester are ordered and directed to facilitate such investigation in all ways, and to furnish all town books, papers, documents and accounts to the persons above-named as experts, which they may require, and to permit them to make a full and free and unobstructed examination of the same ; and all town officers of the town of Eastchester are required and directed to permit such experts to examine all the town books, papers, documents and accounts of the town, and all accounts and claims presented against that town during the last year either by officers or individuals.

And the experts named are authorized to compel the attendance of witnesses, and the production of papers, documents, books, accounts and claims by subpœna, signed by them, and compel and enforce the examination of all witnesses so subpœnaed.

The experts or the counsel for the petitioners are authorized to make further application for instruction and authority on two days' notice to the supervisor of the town of Eastchester.

The experts are directed to hold all their sessions in the village of Mount Vernon, to sit from day to day continuously as far as possible, to employ a stenographer, if they deem such employment necessary, and to make their report at the earliest day consistent with a proper discharge of the duties imposed by this order."

*P. L. McClellan* for David Quackenbush, supervisor, appellant.

*Henry W. Bates*, for the taxpayers, respondents.

PRATT, J.:

The act in question is a remedial statute, passed to prevent waste of public moneys, and must be liberally construed to effectuate such intent.    It is in no sense an act to punish acts already done, but to prevent the doing of acts prejudicial to the public interest.    The petition was in due form, and contained all the allegations necessary to set the machinery provided in the act in motion.    The fact that the petitioners had other remedies to prevent waste of the public moneys is not material, as the statute gave them specifically this remedy. Neither does the fact that the bills had been examined and audited by the town board affect the question.    If a bill is fraudulent, the fact of its being audited gives it no vitality.    The statute was passed to stop the payment of such bills, and the fact that they are audited raises a presumption that the moneys of the town are being illegally applied.    The objection that the experts appointed were vested by the order with any illegal powers was not well taken.    The order, in every respect, complied with the statute, and the order must be affirmed, with costs.

BARNARD, P. J., concurred ; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.