Matter of Peterson v Town of Alexandria (2023 NY Slip Op 02448)

Matter of Peterson v Town of Alexandria

2023 NY Slip Op 02448

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

993 CA 21-01495

[*1]IN THE MATTER OF DANIEL B. PETERSON, PETITIONER-APPELLANT,
v
TOWN OF ALEXANDRIA, RESPONDENT-RESPONDENT. 

BOUSQUET HOLSTEIN PLLC, SYRACUSE (GREGORY D. ERIKSEN OF COUNSEL), FOR PETITIONER-APPELLANT.
SLYE LAW OFFICES, P.C., WATERTOWN (ROBERT J. SLYE OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Jefferson County (James P. McClusky, J.), entered September 28, 2021. The judgment, inter alia, dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this special proceeding seeking, with respect to the only remaining cause of action in the petition, a summary investigation pursuant to General Municipal Law
§ 4 into certain financial affairs of respondent Town of Alexandria (Town). In support thereof, petitioner presented to Supreme Court the requisite affidavits of property owners who paid taxes on real property within the Town in the past year, alleging that moneys of the Town consisting of sewer and water funds were being unlawfully or corruptly expended. Following proceedings on the petition, the court, upon consideration of the pleadings and submissions, dismissed the petition on the ground that the allegations had not been substantially proved and also denied petitioner's motion brought by order to show cause seeking injunctive and other relief. Petitioner appeals, and we now affirm.
General Municipal Law § 4, which is the same as its predecessor statute (see General Municipal Law former § 3; Matter of Taxpayers of Plattsburgh, 157 NY 78, 81-82 [1898]; Matter of Village of Victory, 111 AD3d 987, 988 [3d Dept 2013]), provides that, upon presentation of the requisite affidavits followed by required notice to the applicable officers of the subject town or village, the court "shall make a summary investigation into the financial affairs of such town or village, and the accounts of such officers, and, in [its] discretion, may appoint experts to make such investigation, and may cause the result thereof to be published in such manner as [it] may deem proper." The statute further provides that "[t]he costs incurred in such investigation shall be taxed by the [court], and paid, upon [its] order, by the officers whose expenditures are investigated, if the facts in such affidavit be substantially proved, and otherwise, by the [property owners] making such affidavit. If [the court] shall be satisfied that any of the moneys of such town or village are being unlawfully or corruptly expended, or are being appropriated for purposes to which they are not properly applicable, or are improvidently squandered or wasted, [it] shall forthwith grant an order restraining such unlawful or corrupt expenditure, or such other improper use of such moneys" (General Municipal Law § 4).
Petitioner contends that, after appointing an expert accounting firm to perform the investigation and receiving its report, the court erred in permitting the Town to retain its own expert accountant and in considering the report prepared by that accountant. We reject that contention. The statute commits the appointment of experts to the discretion of the court (see [*2]General Municipal Law § 4), and the court was entitled in this special proceeding to require the submission of additional proof (see CPLR 409 [a]; see generally Village of Victory, 111 AD3d at 988-989). We cannot conclude on this record that the court abused its discretion either in permitting the Town to retain its own expert accountant or in considering the report prepared by that accountant, particularly in view of petitioner's involvement in the selection of the court-appointed expert accounting firm, which included interviewing that firm and several others, specifically recommending and requesting that the court appoint the subject expert accounting firm, and signing the corresponding engagement agreement, as well as the fact that petitioner worked with the accounting firm by providing it with documentation (see generally Taxpayers of Plattsburgh, 157 NY at 88; Matter of Town of Eastchester, 6 NYS 120, 121 [Sup Ct, Gen Term, 2d Dept 1889]).
Contrary to petitioner's related contention, we conclude that the court, in evaluating whether the allegations were substantially proved, was not required to simply accept the findings in the report of the expert accounting firm. That report "was not conclusive, but was merely for the information of the conscience of the court" (Taxpayers of Plattsburgh, 157 NY at 88). Upon our review of the record, we further conclude that the court did not abuse its discretion in determining that the allegations had not been "substantially proved" (General Municipal Law § 4; see Taxpayers of Plattsburgh, 157 NY at 84-87), and the court thus properly dismissed the petition. Inasmuch as " 'injunctive relief is simply not available when the [petitioner] does not have any remaining substantive cause of action,' " dismissal of the remaining substantive cause of action in the petition mandated denial of petitioner's motion seeking injunctive relief (EnergyMark, LLC v New Wave Energy Corp., 186 AD3d 1022, 1024 [4th Dept 2020]; see Pickard v Campbell, 207 AD3d 1105, 1110 [4th Dept 2022], lv denied 39 NY3d 910 [2023]).
We have considered petitioner's remaining contentions, and we conclude that they do not require modification or reversal of the judgment.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court