■ VICTOR B. BENHAM, JR., as Ancillary Executor of LOUIS H. ADAMS, Deceased, Appellant-Respondent, v FREDERICA C. HEIN, Individually and as Executrix of SIDNEY S. HEIN, Deceased, et al., Respondents-Appellants.—In a partition action, (1) plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered August 14, 1974, which, after a nonjury trial, dismissed the complaint and (2) defendants cross-appeal from said judgment insofar as it failed to determine the issue of ownership of the subject real property. Judgment modified, on the law and the facts, by adding thereto the following decretal provisions: "Ordered, adjudged and decreed that plaintiff's motion, made at the trial, that he be added as a party in his individual capacity, is granted and the title is amended accordingly, and it is further Ordered, adjudged and decreed that the subject realty described in the complaint is partnership property of Inland Properties and that any interest had in said partnership property by plaintiff's testator was specifically bequeathed to Marcel M. Clamons pursuant to 'ITEM THREE' of said

testator's will, dated October 23, 1970 and filed on March 23, 1971 in the Court of the County Judge, Pinellas County, Florida". As so modified, judgment affirmed, with one bill of costs jointly to defendants. Plaintiff was appointed by the Nassau County Surrogate as the ancillary executor of the estate of Louis Harry Adams, who died testate in Florida on March 14, 1971. On February 15, 1973 plaintiff, also a residuary legatee under the will, instituted the present action solely in his representative capacity seeking partition of certain specified realty, claiming essentially that his testator had a one-third interest in common in the realty under a deed dated February 2, 1953 from Inland Properties, Inc., to Adams and Frederica C. and Sidney S. Hein. Defendants' separate answers basically asserted that (1) Adams was a partner of Inland Properties, (2) the subject premises were partnership property of Inland Properties and (3) by "ITEM THREE" of Adams's will his one-third interest in Inland Properties was specifically bequeathed to one Marcel M. Clamons, who survived Adams. At the trial plaintiff orally moved to be joined in his individual capacity as a residuary legatee. The trial court reserved decision and denied the application at the end of the trial when it dismissed the complaint upon the ground that under section 901 of the Real Property Actions and Proceedings Law an ancillary executor lacked standing to bring a partition action. The well-established law on the date the judgment appealed from was entered was that an executor or administrator lacked standing to bring a partition action *(Evans v Appell,* 211 App Div 105, affd 240 NY 585; see, generally, 3A Warren's Weed New York Real Property [4th ed], Partition, § 4.03). This has been significantly changed by recent amendments to section 901 of the Real Property Actions and Proceedings Law and SCPA 1901 (L 1975, ch 283, §§ 1, 2) which permit an executor or administrator to maintain a partition action, if approval of the Surrogate is obtained. For the reasons which follow, these amendments do not affect the disposition of this case. The trial court's denial of plaintiff's motion to be joined in his individual capacity amounted to an abuse of discretion, as the interested parties had completed a full trial (thus obviating any claim of prejudice), and, further, the court's action insured a procedural dismissal bound to result in needless and expensive delay and repetition of effort. We have reviewed the record on the merits and conclude that the evidence at the trial overwhelmingly established that the subject realty was partnership property of Inland Properties, an interest in which was specifically devised by Adams to Clamons. Plaintiff's claim that the deed to the premises is conclusive proof that the property was held as a tenancy in common is unavailing, since partnership ownership may be proven expressly or by circumstantial evidence *(Matter of Wells,* 36 AD2d 471, affd 29 NY2d 931; *Goldberg v Goldberg,* 276 App Div 1084; *Grace v Oliver,* 218 App Div 335). As a leading authority in the area of partnership law commented, "it may always be shown that property, title to which is taken in the name of individuals, is in truth and in fact partnership property" (Sugarman, Partnership [4th ed], § 81). Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.