■ RONALD MARINO, Appellant, v DWYER-BERRY CONSTRUCTION CORP. et al., Defendants, and RICHARD G. BARGER, Respondent.—In an action, *inter alia,* to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), entered June 30, 1987, which dismissed the fourth cause of action against the defendant Barger.

Ordered that the order is affirmed, with costs.

The facts of this case are summarized in a companion decision disposing of the appeal by the defendant County of Dutchess *(see, Marino v Dwyer-Berry Constr. Corp.,* 146 AD2d 751 [decided herewith]).

The court dismissed the plaintiff's complaint as against the defendant Barger for failure to state a cause of action, finding that he was not the prior owner of the property sold to the plaintiff, but merely an officer of the corporate owner and therefore, the fact that he signed the incorrect subdivision map did not constitute a sufficient basis to sustain the cause of action against him.

We agree.

The burden rests upon the plaintiff to establish a basis for disregard of the corporate form *(Brunswick Corp. v Waxman,* 459 F Supp 1222). Ordinarily the corporate form will not be disregarded in the absence of fraud, illegality or wrongdoing

*(Matter of Guptill Holding Corp. v State of New York,* 33 AD2d 362, *affd* 31 NY2d 897), even where the corporation is controlled by a single stockholder *(Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652). The plaintiff in the instant case has not established a basis for piercing the corporate veil, and has not made a showing of fraud, illegality or wrongdoing.

We additionally note that, on its face, the legend provision of the subdivision map signed by the respondent merely reflects his acknowledgment, on behalf of the prior owner of the property, that he was familiar with the map and consented to its "terms and conditions," as well as to its filing. This acknowledgment, standing alone, does not establish, or even suggest, that the respondent "knowingly uttered a falsehood intending to deprive the plaintiff of a benefit [so] that the plaintiff was thereby deceived and damaged" *(Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 406-407). Accordingly, the plaintiff may not maintain an action for fraudulent representation based upon that subdivision map. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.