■ RONALD MARINO, Appellant, v DWYER-BERRY CONSTRUCTION CORP., Respondent, et al., Defendants. (And a Third-Party Action.)—In an action, *inter alia,* to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), entered November 24, 1987, which denied his motion for summary judgment, and granted the cross motion of the defendant Dwyer-Berry Construction Corp. for summary judgment dismissing the complaint as against it.

Ordered that the order is affirmed, with costs.

The facts of this case are summarized in a companion decision disposing of the appeal by the defendant County of Dutchess *(see, Marino v Dwyer-Berry Constr. Corp.,* 146 AD2d 750 [decided herewith]).

In granting the defendant's cross motion, the court noted that the contract of sale of lot No. 8 contained a provision allocating the risk, so that the plaintiff was foreclosed from claiming mutual mistake, and that the plaintiff had requested that the sale be subject to "the premises being suitable for obtaining a building permit for which plaintiff was given an opportunity to apply prior to closing". Finally, the court found that since there was no clear intent evidenced by the parties that a particular provision would survive delivery of the deed, all agreements and representations were merged in the deed.

We agree.

Paragraph 7 of the subject contract provides in pertinent part that the property was to be conveyed subject to "[a]ny state of facts, an inspection or survey of the Property may show". The plaintiff, an experienced builder, might therefore have avoided the contract by performing a timely inspection of the premises.

In addition, paragraph 2 of the rider to the contract provides: "Purchaser agrees to close title within ten days after the filing of the subdivision map and to apply for a Building Permit immediately after the filing of said Map. Seller warrants and represents that upon the filing of said Map, premises are suitable for obtaining said Permit". Thus, the plaintiff apparently negotiated for a warranty with respect to the suitability of the land for building, but Dwyer-Berry Construction Corp. was willing to give only a limited warranty contingent upon the plaintiff's expeditious application for a building permit.

We are thus presented with "a deliberately prepared and executed written instrument", which is presumed to manifest the true intention of the parties, absent evidence to the contrary "of a very high order" *(Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219). Since the language of the contract on its face allocates the risk, and since the damage currently complained of could have been avoided by the plaintiff had he moved promptly to obtain a building permit as provided by the contract, the plaintiff is bound by the unambiguous terms of the agreement *(Chimart Assocs. v Paul,* 66 NY2d 570).

Finally, we note that in the absence of a clear intention evidenced by the parties that a particular provision shall survive delivery of the deed, the obligations and provisions of a contract for the sale of land are merged in the deed and, as a result, are extinguished upon the closing of title *(Davis v Weg,* 104 AD2d 617). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.