■ BOARD OF MANAGERS, WASHINGTON'S HEADQUARTERS TOWNHOUSES CONDOMINIUM, Respondent, v FERDINAND GOTTLIEB et al., Appellants.—In an action for injunctive relief, the defendants appeal from a judgment of the Supreme Court, Westchester County (Burrows, J.), dated September 11, 1990, which, after a nonjury trial, permanently enjoined them from the exclusive use of the second floor of the accessory building

of the Washington's Headquarters Townhouses Condominium, declared such space to be a common element of the condominium, and declared that the defendants, individually, had no right, title, or interest in that space.

Ordered that the judgment is reversed, on the law and the facts, with costs, the plaintiff's application for an injunction is denied, and it is declared that the second floor of the accessory building is a limited common element reserved for the exclusive use of the defendants.

Washington's Headquarters Townhouses Condominiums is a residential condominium development located in Dobbs Ferry. In 1972 the defendant Ferdinand Gottlieb, a long time resident of Dobbs Ferry, and an established architect, formed a corporation, F&G Properties, Corp. (hereinafter F&G). F&G acquired the land upon which the condominium was built, developed the condominium, and became the condominium's sponsor and selling agent. Mr. Gottlieb, as an architect, designed the project, and he and his wife subsequently purchased unit 1.

On the grounds of the condominium development, there is a two-story accessory building. Apparently, while the condominium units were being sold, the second floor of this accessory building was used as an office for drafting the condominium plans and as a sales office. Beginning in 1978, shortly after the defendants purchased unit 1, Mr. Gottlieb began using the second floor of this accessory building as his private architectural office. The plaintiff board of managers of the condominium commenced this action against the defendants in 1985, seeking an injunction against further use of this area.

We reject the Supreme Court's conclusion that the second floor of the accessory building is a common element of the condominium. The condominium's declaration explicitly excluded the second floor as a common element. In addition, since it is undisputed that the second floor is not a condominium unit, by implication, the second floor was intended to be a limited common element under Real Property Law § 339-i (4). Moreover, the condominium's offering plan, which, although informational in nature, is intended to provide protection against fraud by the sponsor (see, Matter of Whalen v Lefkowitz, 36 NY2d 75, 78; Matter of Greenthal & Co. v Lefkowitz, 32 NY2d 457, 462), explicitly designated in no less than four places the second floor as a limited common element reserved for the exclusive use of the owners of unit 1.

The defendants have also established a contractual right to occupy the second floor. The purchase agreement, which was

required to be signed by every original owner of the condominium units, stated that the purchaser agreed to be bound by the terms of the offering plan, and that any inconsistency between the purchase agreement and the offering plan were to be resolved in favor of the offering plan. The provision of the offering plan which designated the unit owners' relationship to the second floor did not merge into the defendants' deed, as this provision was a collateral undertaking (see, Davis v Weg, 104 AD2d 617; Ting-Wan Liang v Malawista, 70 AD2d 415).

Further, since the plaintiff did not formally demand that Mr. Gottlieb quit his use of the second floor as an office, and at other times explicitly acquiesced in his conduct, and since the defendants have changed their position in reliance on the board's inaction, the defendants have established their defenses of laches and estoppel (see, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184; Burns v Egan, 117 AD2d 38; Airco Alloys Div. v Niagara Mohawk Power Corp., 76 AD2d 68).

We have considered the plaintiff's remaining arguments and find them to be without merit. Mangano, P. J., Harwood, Miller and Santucci, JJ., concur.