■ Stuart Goldsmith et al., Appellants, v William L. Knapp, Jr., et al., Defendants, and Priscilla S. Knapp, Respondent. (And a Third-Party Action.) [637 NYS2d 434] —In an action, *inter alia*, to recover damages for breach of contract and for a judgment declaring the obligations of the parties pursuant to the subject contract, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Suffolk County (Newmark, J.), entered November 14, 1994, as granted the defendant Priscilla S. Knapp's motion (a) for summary judgment dismissing the complaint and the supplemental complaint insofar as asserted against her, and (b) for summary judgment

on her seventh counterclaim, and (2) so much of a judgment of the same court, entered March 14, 1995, as was entered upon the portions of the order appealed from.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, so much of the order as granted the defendant Priscilla S. Knapp's motion for summary judgment dismissing the complaint and the supplemental complaint insofar as asserted against her, and for summary judgment on her seventh counterclaim is vacated, and the defendant Priscilla S. Knapp's motion is denied; and it is further,

Ordered the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see*, CPLR 5501 [a] [1]).

The plaintiffs, Stuart Goldsmith and Ann Goldsmith, were the owners of three parcels of land bounded on one side by water. In 1989, the plaintiffs contracted to sell one parcel to the defendant Priscilla S. Knapp and one parcel to her son and daughter-in-law, the defendants William L. Knapp, Jr., and Jane Knapp. The plaintiffs retained the third parcel. Simultaneously with the execution of the contract of sale, the defendants executed an addendum which provided, among other things, that the defendants would assist and cooperate in the maintenance of the bulkhead along the three parcels and that the deeds to be delivered at closing of each of the three parcels would contain an easement allowing for access to the bulkhead in order to perform maintenance work, and obligating the defendants and their heirs and assigns to maintain the bulkhead in front of their parcels.

After the closings, the Knapp refused to share in the cost of maintaining the bulkhead, and it was discovered that while the deed running to William L. Knapp, Jr., and Jane Knapp contained the easement for access and maintenance, the deed running to Priscilla S. Knapp and the plaintiffs did not. The plaintiffs then commenced this action, alleging that the Knapps had breached the addendum by failing to pay $14,337 for dredging services incurred in 1991 by failing to use their best efforts to help secure a permit to maintain the bulkhead from the appropriate governmental authority. In addition to damages for breach of the addendum agreement, the plaintiffs additionally

sought a declaration regarding the future rights and responsibilities of the parties under the addendum. Subsequently, the plaintiff Stuart Goldsmith filed two correction deeds, each containing the easement for access and maintenance. Priscilla S. Knapp subsequently moved, *inter alia*, for summary judgment dismissing the complaint and the supplemental complaint, and the Supreme Court granted her motion, concluding that the plaintiffs could not enforce Priscilla S. Knapp's obligations under the addendum because it had merged with the deed. We disagree, and accordingly reinstate the plaintiffs' complaint and supplemental complaint against Priscilla S. Knapp, and deny summary judgment to Priscilla S. Knapp on her seventh counterclaim, which was to cancel the easement on her property.

As a general rule, the provisions of a contract for the sale of land are merged in the deed and, as a result, are extinguished upon the closing of title (*see, Davis v Weg*, 104 AD2d 617). However, this rule does not apply where there is a clear intent evidenced by the parties that a particular provision will survive delivery of the deed or where there is a collateral undertaking (*see, e.g., Davis v Weg, supra*, at 619).

Applying these principles here, we find that the provisions in the addendum providing for the creation of the easement did not merge into the deed because the documents executed by the parties clearly showed that there was no intention on the part of the parties to merge these provisions into the deed (*see, e.g., Siebros Fin. Corp. v Kirman*, 232 App Div 375). Intention of the parties may be derived from the instruments alone or from the instruments and the surrounding circumstances (*see, Siebros Fin. Corp. v Kirman, supra*, at 377). The documents in the case at bar demonstrate the requisite intent: the parties signed the addendum, thereby agreeing to maintain the bulkhead and to create the easement over the three parcels for the work to be performed. Furthermore, the deed to Parcel II, the first parcel on which title was closed, running from Ann Goldsmith to William Knapp and Jane Knapp, contained the easement which similarly demonstrated the parties' intent that the easement should be in all three of the deeds. Additionally, the maintenance provision in the addendum constituted a collateral undertaking which similarly did not merge with the deed (*see, e.g., Board of Mgrs. v Gottlieb*, 186 AD2d 525).

In light of its determination that Priscilla S. Knapp's obligations under the addendum were extinguished by the deed, the Supreme Court did not reach the remaining disputed issues raised by the parties. Accordingly, an award of summary judg-

ment to either the plaintiffs or the moving defendant Priscilla S. Knapp would be premature at this juncture. Rosenblatt, J. P., Ritter, Hart and Krausman, JJ., concur.