■ STEVEN D. BOSER et al., Respondents, v THEODORE F. BOSER, Appellant, and UNGERMANN EXCAVATING, INC., et al., Respondents. [654 NYS2d 509] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Theodore F. Boser (defendant) and his former wife entered into a separation agreement dated January 6, 1988, whereby they agreed, *inter alia,* to the division and disposition of 13 parcels of real property acquired by them during their marriage. Pursuant to the agreement, they agreed to transfer certain premises to their three sons, two of whom are the plaintiffs herein; the third son is not a party to this action. The agreement provided: "(H) That all other property owned by the parties shall be deeded to the parties' three (3) sons LEONARD, STEVEN and CHARLES BOSER * * * All transfers of the properties to the parties' sons shall be subject to * * * a reservation by the Husband of a life estate in all oil, gas, mineral and gravel rights in all properties herein described and all properties set forth in paragraph '1'. The Husband shall not, however, remove, transfer, convey, sell or in any way encumber of or use such rights without the written consent of all three aforementioned sons."

Two of the properties conveyed to plaintiffs and their brother, known as the gravel pit and batch plant properties, were conveyed by deed dated July 13, 1990 and recorded on December 7, 1990 in the Cattaraugus County Clerk's Office. The deed recites defendant's reservation of a life estate in the oil, gas, mineral, sand and gravel rights; it is silent, however, regarding defendant's obligation to obtain written consent from plaintiffs before encumbering or using those rights. It is undisputed that defendant had entered into a written 15-year lease with defendant Ungermann Excavating, Inc. (Ungermann) on April 16, 1990, without the written consent of his sons. Defendant L. C. Whitford Co., Inc. (Whitford), operates the batch plant on the premises pursuant to an oral agreement with defendant.

Plaintiffs commenced this action on July 17, 1995, seeking, *inter alia,* damages for unjust enrichment with respect to the leases of the gravel pit and batch plant properties. The first cause of action alleges that defendant "has been unjustly enriched by the amounts paid to him * * * by * * * Unger-

mann". The sixth cause of action alleges that defendant "wrongfully appropriated to himself and has been unjustly enriched by the rents and profits of the Batch Plant Premises paid to him by * * * Whitford". The complaint alleges that defendant improperly failed to obtain plaintiffs' written permission before leasing the gravel pit property and that the deed did not reserve to defendant the right to lease the batch plant property.

Plaintiffs moved for summary judgment on the first cause of action and partial summary judgment on liability on the sixth cause of action. In opposition, defendant contended that his obligation to obtain written consent from plaintiffs regarding the exercise of his reserved rights was necessarily conditioned upon the conveyance of the properties in question. Inasmuch as he still owned the property when he entered into the written lease, plaintiffs' consent was not required. Defendant further contended that the subsequent deed did not contain a provision preserving the consent requirement in the separation agreement.

Supreme Court held that plaintiffs are entitled to enforce the separation agreement as third-party beneficiaries on the ground that defendant "violated his contractual obligations to his sons under the [separation] agreement". The court granted plaintiffs partial summary judgment on liability on both the first and sixth causes of action, determining that the "damages issues must be resolved at trial". The court also found that defendant had improperly pleaded a cause of action for contribution against his former wife "as a counterclaim".

Defendant contends that the consent requirement in the separation agreement merged in the deed; that the transfer of the properties was the event intended to trigger the consent provision; and that plaintiffs therefore have no cause of action based on a violation of the agreement. We agree.

It is well settled that, where a contract for the sale of land has been executed by a conveyance, the terms of the contract concerning the nature and extent of the property conveyed merge into the deed and the contract terms are extinguished upon the closing of title and acceptance of the deed (*see, Goldsmith v Knapp*, 223 AD2d 671; *Marino v Dwyer-Berry Constr. Corp.*, 146 AD2d 751, 752). " '[A]ny inconsistencies between the contract and the deed are to be explained and governed solely by the deed, which is presumed to contain the final agreement of the parties' " (*Village of Warsaw v Gott*, 233 AD2d 864, 865, quoting 43A NY Jur 2d, Deeds, § 215, at 151; *see also, Alexy v Salvador*, 217 AD2d 877, 878; *Summit Lake Assocs. v Johnson*, 158 AD2d 764).

Both defendant and his former wife, the parties to the separation agreement, executed the deed, which recites defendant's reservation of a life estate in all oil, gas, mineral, sand and gravel rights on the premises but does not include the consent requirement. The consent requirement thus merged into the deed and was extinguished by it, inasmuch as plaintiffs, third-party beneficiaries under the agreement, had not acted upon the agreement and did accept the deed (*see, Bellmon v Blue Cross & Blue Shield*, 98 Misc 2d 445, 449; *see also, Moore v Ryder*, 65 NY 438, 442). Defendant therefore had no obligation pursuant to the deed to obtain plaintiffs' written consent to the leases. Furthermore, plaintiffs do not have a claim against defendant regarding the gravel pit premises based upon an alleged breach of the separation agreement's consent requirement because, when defendant executed the lease with Ungermann on April 16, 1990, the property had not yet been transferred. By the plain and unambiguous language of the agreement, defendant was the fee owner until the properties were transferred, and he was free to execute the lease with Ungermann without obtaining plaintiffs' written consent. Thus, plaintiffs are not entitled to partial summary judgment on the first cause of action.

Plaintiffs also are not entitled to partial summary judgment on the sixth cause of action because they did not establish by the submission of proof in evidentiary form that the batch plant operation did not come within the scope of the rights reserved by defendant under the deed as a matter of law. Plaintiffs averred in conclusory fashion that the operation of a "concrete batch plant is not even within the scope of the life estate reserved by [defendant] in either the agreement or subsequent deed". They wholly failed to allege the basis of their claim that the batch plant operation is outside the scope of the defendant's reserved rights. Finally, the court properly dismissed the counterclaim alleged by defendant against his former wife. Because she was not a party to the action, affirmative relief cannot be sought against her by way of a counterclaim.

We modify the order, therefore, by denying plaintiffs' motion for summary judgment on the first cause of action and for partial summary judgment on the sixth cause of action. (Appeal from Order of Supreme Court, Cattaraugus County, Griffith, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.