JOSEPH B. ROOSA et al., Respondents, v WILLIAM E. CAMPBELL et al., Appellants. [737 NYS2d 461] —Appeals from an order of Supreme Court, Cattaraugus County (Himelein, J.), entered March 29, 2001, which, inter alia, denied defendants' cross motions for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting in part defendants' cross motions and dismissing the cause of action for breach of contract and by granting plaintiffs partial summary judgment on the Navigation Law cause of action and as modified the order is affirmed without costs.

Memorandum: The failure of defendant Sugar Creek Stores, Inc. (Sugar Creek) to support its cross motion with a copy of its answer requires denial of that part of its cross motion seeking summary judgment dismissing the fraud and negligence causes of action, regardless of the merits of the cross motion (*see,* CPLR 3212 [b]; *Nationwide Mut. Ins. Co. v Piper*, 286 AD2d 903, 904). We conclude, however, that Supreme Court erred in denying that part of the cross motion of defendant William E. Campbell seeking summary judgment dismissing the cause of action for breach of contract against him as barred by the doctrine of merger and, in the interest of judicial economy, we conclude that the cross motion of Sugar Creek should be granted to the extent that Sugar Creek seeks summary judgment dismissing that cause of action against it. "[I]t is well

settled that a real property sales contract merges with the deed * * * except for those provisions which concern collateral matters, which cannot be performed until after conveyance or where the parties have expressed their intention that such provision shall survive delivery of the deed" (*White v Long*, 204 AD2d 892, 894, *mod on other grounds* 85 NY2d 564). We therefore modify the order accordingly.

In addition, in light of the recent decision of the Court of Appeals in *State of New York v Green* (96 NY2d 403), we further modify the order pursuant to CPLR 3212 (b) by granting plaintiffs partial summary judgment on the Navigation Law cause of action. "[W]here, as here, a landowner can control activities occurring on its property and has reason to believe that petroleum products will be stored there, the landowner is liable as a discharger for the cleanup costs" (*State of New York v Green, supra* at 405). "Nothing in the statutory language requires proof of fault or knowledge" (*State of New York v Green, supra* at 407). Here, Campbell was aware that Sugar Creek, his tenant, was using petroleum products, and he had the ability to control activities at the site. Sugar Creek also qualifies as a "discharger" because it operated the gasoline station at the site from 1987 to 1994 (*see, White v Long*, 85 NY2d 564, 569).

We have considered the parties' remaining contentions and conclude that they lack merit. Present—Hayes, J.P., Wisner, Hurlbutt, Burns and Lawton, JJ.