■ SUBURBAN HOUSING DEVELOPMENT & RESEARCH, INC., Appellant, v ISLAND PROPERTIES & EQUITIES, LLC, Respondent. [774 NYS2d 342]—

In an action for specific performance and to declare the rights of the parties under a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated March 28, 2003, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion and substituting

therefor a provision denying the cross motion; as so modified, the order is affirmed, with costs to the plaintiff.

In 2001 the plaintiff, as tenant, entered into a "Residential Lease Agreement and Option to Purchase" (hereinafter the lease) with the defendant, as landlord, in connection with a two-family residence in Wyandanch. The lease contained a provision, which, insofar as is relevant, reads: "8. OPTION TO PURCHASE: Tenant is hereby given an option to purchase the leased premises for a purchase price of $155,000.00 payable in cash at closing. This option to purchase shall be exercised by Tenant by giving (30) days notice in writing to Landlord . . . Closing of the conveyance between Landlord and Tenant shall take place within ninety (90) days of such notice to purchase . . .

"Tenant shall exercise due diligence to obtain financing to purchase the home . . .

"Tenant agrees to purchase the premises by October 31, 2002. Should Tenant be unable to close by this date, due to no fault of the Tenant, Landlord agrees to extend the option to purchase for an additional six (6) month period . . .

"The entire option to purchase will be subject to the . . . final approval of [the Department of Housing & Urban Development, hereinafter HUD] of the premises in relation to the HUD grant obtained by Tenant. Said approval shall be obtained prior to the end of the first 12 months of the lease term."

In 2002, having obtained only a conditional grant approval from HUD, the plaintiff nonetheless notified the defendant of its intent to exercise the option and close the sale before October 31, 2002. The letter did not set a specific date for the closing. The defendant rejected the notice for failure to obtain final HUD approval and deemed the option void.

Contrary to the determination of the Supreme Court, the option provision at issue was intended for the sole benefit of the plaintiff, and it was therefore entitled to waive it (*see Xhelili v Larstanna,* 150 AD2d 560 [1989]; *Coneys v Game,* 141 AD2d 795 [1988]; *BPL Dev. Corp. v Cappel,* 86 AD2d 591 [1982]). Accordingly, the Supreme Court should not have granted the defendant's cross motion for summary judgment dismissing the complaint. However, since the plaintiff failed to show, as a matter of law, that it was ready, willing, and able to close, it was not entitled to summary judgment compelling the defendant to convey the property to it (*see Nuzzi Family Ltd. Liab. Co. v Nature Conservancy,* 304 AD2d 631 [2003]). Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.