RAM GUPTA, Appellant, v 211 STREET REALTY CORP., Respondent. [793 NYS2d 13]—

Judgment, Supreme Court, Bronx County (Barry Salman, J.),

entered May 7, 2004, which, insofar as appealed, denied plaintiff's motion for summary judgment seeking specific performance of a real estate contract, unanimously reversed, on the law, without costs, and plaintiff's motion for summary judgment granted.

On or about August 26, 2002, plaintiff entered into a contract as purchaser with defendant as seller for the purchase of real property located at 316 East 211th Street, Bronx, New York. The purchase price was $800,000, with a $50,000 down payment. Time was not made of the essence and the purchaser was specifically given the right to assign the contract of sale without restrictions. The contract also contained a mortgage contingency that obligated the purchaser to obtain a conventional mortgage commitment in the amount of $600,000 on or before October 15, 2002 and provide the seller with a copy of the written commitment when received. The purchaser also had the option to accept a lesser amount at his discretion. The mortgage contingency clause further provided that: "In the event that such a commitment is not issued on or before the date set forth above, and unless such date is extended in writing by the parties hereto or unless Purchaser has accepted a commitment that does not comply with the [above terms], the Purchaser may cancel this contract." Failure to give notice of cancellation or acceptance by the purchaser of a mortgage commitment that did not comply with the terms of the contingency clause were deemed a waiver of the purchaser's right to cancel the contract.

Although the October 15 date passed, no action was apparently taken by either party. By letter dated December 10, 2002, defendant's counsel advised plaintiff's counsel that, since no mortgage commitment had been received, his client elected to cancel the contract and return the down payment. No time of the essence demand was contained in this letter. By letter dated December 12, 2002, plaintiff's counsel enclosed documentation showing that a mortgage commitment dated December 5, 2002 had been received from a lending institution in the maximum amount of $620,000. The letter stated that plaintiff was ready, willing and able to close and provided a number of possible closing dates. The down payment was also sent back to defendant with this letter.

After receiving no response, plaintiff's counsel sent a certified letter demanding the scheduling of a closing, followed by a time of the essence letter dated January 7, 2003, scheduling the closing for February 3, 2003. No closing took place, although the record does not reveal if anyone appeared on that date.

Plaintiff commenced an action seeking, among other relief,

specific performance of the contract. Defendant counterclaimed alleging, among other things, that plaintiff breached the contract by failing to obtain financing and marketing the property before closing. Both parties moved for summary judgment. The IAS court, in denying summary judgment, found issues of fact regarding whether defendant properly canceled the contract, whether plaintiff tendered payment, and whether plaintiff had defaulted.

By its clear and unambiguous terms, the mortgage contingency clause in issue was intended for the sole benefit of the purchaser. There is no reasonable reading of this clause that would permit defendant to unilaterally cancel the contract if the terms of the contingency were not met (*see Suburban Hous. Dev. & Research v Island Props. & Equities,* 6 AD3d 423 [2004]; *Coneys v Game,* 141 AD2d 795 [1988]).

There is no question on this record that plaintiff failed to comply with the requirements of the mortgage contingency clause within the time limits imposed by the contract. Nor did plaintiff seek an extension of time within which to comply or invoke his right to cancel the contract. Defendant thus would have been entitled to deem the contingency waived and require plaintiff to provide all required proceeds at closing. However, as time was not of the essence when defendant attempted to cancel the contract in December 2002, there was no basis to hold plaintiff in default (*see Tarlo v Robinson,* 118 AD2d 561, 565 [1986]). Indeed, mere delay in performance will not be considered as grounds for rescission unless time is of the essence (*see* 91 NY Jur 2d, Real Property Sales and Exchanges § 144).

Plaintiff had obtained a written mortgage commitment from an institutional lender, established a time of the essence date and represented an ongoing willingness to perform. Defendant failed to establish that plaintiff could not have performed or did not have the ability to pay the full purchase price at closing. Defendant therefore unjustifiably breached the contract. Defendant's claim that plaintiff breached the contract by assignment of the contract to the entity listed in the mortgage commitment, without notice, is specious in that the contract specifically gave plaintiff the right to assign the contract to "any entity of its choosing."

We have considered defendant's other contentions and find them to be without merit. Concur—Saxe, J.P., Marlow, Ellerin, Nardelli and Sweeny, JJ.