■ JONATHAN E. VICK et al., Respondents, v RICHARD ALBERT et al., Appellants, et al., Defendants. [793 NYS2d 413]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 31, 2004, which, insofar as appealed from as limited by the briefs, granted plaintiff executors' motion for partial summary judgment on their fifth cause of action for partition to the extent of determining that their decedent was a tenant in common of the real property located at 233 East 32nd Street in Manhattan (the E. 32nd property) and that plaintiffs are entitled to partition thereof, and referring to a special referee the issues of an accounting with respect to the E. 32nd property and of whether to sell or partition it, and denied the branches of defendants-appellants' cross motion for summary judgment dismissing plaintiffs' fifth cause of action for partition of the E. 32nd property and third cause of action for dissolution and an accounting with respect to defendant Godwin Realty Associates, unanimously modified, on the law, to the extent of denying plaintiffs' motion for partial summary judgment with respect to the fifth cause of action, and vacating the aforementioned order of reference relating thereto, and otherwise affirmed, without costs.

Plaintiff executors allege that their decedent, at the time of her death, held a 20% undivided interest in the E. 32nd property as a tenant in common with defendants-appellants Richard Albert and Evelyn Renee Albert. Based on the decedent's alleged tenant-in-common status, plaintiffs, in their fifth cause of action, seek partition or sale of the E. 32nd property. Defendants-appellants dispute plaintiffs' entitlement to partition, contending that the E. 32nd property was an asset of a partnership (defendant-appellant Albert, Greenberg & Vick [the AGV partnership]) among the persons in whose names title was held. On this record, the motion court erred in granting plaintiffs partial summary judgment as to their entitlement to partition.

It is well established that "it may always be shown that property[,] title to which is taken in the name of individuals, is in truth and in fact partnership property" (*Benham v Hein*, 50 AD2d 808, 809 [1975] [dismissing partition cause of action based

on evidence establishing that real property was a partnership asset], quoting Sugarman, Partnership § 81 [4th ed]; *see also Mattikow v Sudarsky*, 248 NY 404, 406-407 [1928]; *Pisciotto v Dries*, 306 AD2d 262, 263 [2003]; *Liffiton v DiBlasi*, 170 AD2d 994 [1991]; *Goldberg v Goldberg*, 276 App Div 1084 [1950] [reversing partition decree where trial court erroneously excluded "documentary and oral evidence proffered to establish an independent agreement of partnership," under which "the real property was to be held as a partnership asset"]; *Altman v Altman*, 271 App Div 884 [1946] [dismissing partition cause of action based on evidence establishing that real property was a partnership asset], *affd* 297 NY 973 [1948]; 15A NY Jur 2d, Business Relationships § 1448; 10-103 Warren's Weed, New York Real Property § 103.17; 1 Bromberg and Ribstein on Partnership § 3.02 [d] [3]; *cf. Okun v Braunstein*, 172 AD2d 259, 260 [1991] [this Court reversed summary judgment and reinstated partition action on the ground that the "intent of the parties as to whether the property was to be considered separate property or partnership property remains unclear"]). Consistent with this principle, the Partnership Law, although providing that "[a]ny estate in real property may be acquired in the partnership name" (§ 12 [3]), also recognizes that title to real property of the partnership may be held in the name of one partner, in the names of some but not all of the partners, or in the names of all the partners (§ 21 [3], [4], [5]).

In this case, the 1978 deed to the E. 32nd property identifying the decedent as one of five grantees of title "to the extent of an undivided 20% interest" does not conclusively prove that she was a tenant in common, given the documentation and other evidence defendants-appellants have submitted in support of the contrary position.* While such evidence is not dispositive as a matter of law, it does raise a triable issue as to whether, before the present dispute arose, the decedent and the other parties concerned understood the E. 32nd property to be an asset of the

---

* For example, the AGV partnership's tax returns, ledgers, and financial statements reflect the AGV partnership's ownership of the E. 32nd property, and that the AGV partnership incurred all costs and charges, and received all income, generated by the E. 32nd property. The decedent's personal income tax returns report her share of the income and expenses of the AGV partnership, as reported by the schedule K-1's she received, rather than any income she received, or costs she incurred, as a direct owner of an undivided interest in the E. 32nd property. The original estate tax return plaintiffs filed on behalf of the decedent's estate listed the decedent's 20% interest in the AGV partnership, and acknowledged that the AGV partnership owned real estate and bore the costs thereof. Meanwhile, the same estate tax return's schedule of real estate holdings makes no reference to any direct interest in the E. 32nd property that the decedent held as a tenant in common.

AGV partnership. Accordingly, the determination of whether plaintiff is entitled to partition or sale of the E. 32nd property must await trial.

Contrary to defendants-appellants' argument, to the extent it may be proven that the decedent was a tenant in common of the E. 32nd property, plaintiffs have standing, as executors of the decedent's estate, to seek partition of the E. 32nd property, since the surrogate having jurisdiction of the estate has approved such action by the executors (RPAPL 901 [4]; SCPA 1901 [2] [i]).

The motion court correctly denied the branch of defendants-appellants' cross motion that sought summary judgment dismissing plaintiffs' third cause of action. The third cause of action seeks a declaration of dissolution and an accounting with respect to defendant-appellant Godwin Realty Associates (Godwin), a partnership of which the decedent was a member that owns and manages certain property in the Bronx. The Godwin partnership agreement provides that Godwin "shall continue until terminated by the written agreement of the partners to dissolve the partnership." The Godwin partnership had not been terminated in this manner as of the time the decedent died, and the partnership agreement does not specifically address the contingency of the death of a partner before termination. Accordingly, the decedent's death had the effect of dissolving the Godwin partnership (Partnership Law § 62 [4]; *Burger, Kurzman, Kaplan & Stuchin v Kurzman*, 139 AD2d 422 [1988], *lv denied* 74 NY2d 606 [1989]), and plaintiffs are entitled to seek a declaration of Godwin's dissolution and, pursuant to Partnership Law § 74, an accounting of the estate's interest therein.

We have considered defendants-appellants' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Marlow, Sullivan and Williams, JJ.