■ NVR, INC., Doing Business as RYAN HOMES, Appellant-Respondent, v CHERYL EDWARDS, Respondent-Appellant. [801 NYS2d 878]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered November 17, 2004 in a breach of contract action. The order denied plaintiff's motion for summary judgment and defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this breach of contract action seeking to recover from defendant the amount of 10% of the purchase price of her home, which was constructed by plaintiff. In 1999 defendant was hired by plaintiff as a sales representative and, on March 20, 2001, she signed a "Special Employee Discount Agreement" (agreement) entitling her to receive a 10% refund on the purchase price of a home. Defendant received the refund in the form of an extra paycheck with taxes deducted. Defendant was to execute a promissory note at the closing on March 23, 2001, requiring her to repay the amount of the refund in the event that she voluntarily left plaintiff's employment within three years of the date of closing. A promissory note was not executed at the closing. In January 2002, after defendant expressed dissatisfaction with her working environment, plaintiff demanded that she re-execute the agreement and execute the promissory note referred to therein if she wished to remain employed. Defendant refused to do so, and she resigned approximately one month later. According to defendant, her resignation was not voluntary; rather, it resulted from threats, abuse and harassment by plaintiff's agents, and she thus contends that she was constructively terminated.

Supreme Court properly denied plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint. It is axiomatic that "a

real property sales contract merges with the deed" (*Roosa v Campbell*, 291 AD2d 901, 902 [2002]). Thus, " '[a]ny inconsistencies between the contract and the deed are to be explained and governed solely by the deed, which is presumed to contain the final agreement of the parties' " (*Boser v Boser*, 237 AD2d 924, 925 [1997], *lv dismissed* 90 NY2d 1008 [1997]). Two exceptions to that general rule are "where the parties have expressed their intention that such provision shall survive delivery of the deed" and "provisions which concern collateral matters, which cannot be performed until after conveyance" (*Roosa*, 291 AD2d at 902). Here, plaintiff appears to concede that the deed does not refer to the employee repayment obligation, and thus the first exception does not apply. We conclude, however, that the agreement "concern[s] collateral matters, which [could not] be performed until after conveyance," thus rendering the second exception applicable (*id.* at 902; *cf. CGM Constr. v Miller*, 263 AD2d 831, 833 [1999]). Having determined that the deed does not contain the final agreement of the parties with respect to the repayment provision, we conclude on the record before us that there is an issue of fact whether defendant's supervisor informed defendant that the repayment obligation would not be enforced and thus whether plaintiff waived the repayment provision. In addition, there is an issue of fact whether defendant voluntarily resigned or whether she was constructively terminated, based on the deposition testimony of defendant concerning abusive, demeaning and threatening conduct by her managers and plaintiff's general counsel (*see generally Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 56 [1996], *lv denied* 89 NY2d 809 [1997]), and thus whether the repayment provision is applicable herein. Present—Green, J.P., Scudder, Kehoe, Smith and Lawton, JJ.