OPINION OF THE COURT
Dianne T. Renwick, J.
*603 This is an action for partition of certain real property jointly owned by plaintiff All Brands Fork Lift Corp. and defendant Yetish, Inc. Defendant Yetish, Inc. now moves for partial summary judgment on its counterclaim for partition and dismissal of plaintiff’s complaint. Plaintiff All Brands Fork Lift Corp. cross-moves for partial summary judgment on its claim for partition. The outcome of these motions depends on whether the merger doctrine extinguishes a clause in the buyers-prepurchase agreement allocating their respective percentage of ownership of real estate where such clause conflicts with a similar provision in the deed of conveyance that provides a different percentage of ownership.
Factual Background
In December 2000, plaintiff Owshadram Mohabir entered into an agreement (hereinafter referred to as buyersprepurchase agreement) with defendants Murat Bulan and John A. Bulan to jointly purchase the property located at 450-452 Coster Street, Bronx, New York, on behalf of their respective corporations, All Brands Fork Lift Corp. (Mohabir) and Yetish, Inc. (Bulan). The property was divided into four distinct parts: a garage, a multipurpose dwelling and two vacant lots, which were intended to accommodate their respective business.
Pursuant to the buyers-prepurchase agreement, after the purchase, plaintiff All Brands Fork Lift Corp. shall occupy the garage and defendant Yetish, Inc. shall occupy the remainder, a multipurpose dwelling and two vacant lots. The buyersprepurchase agreement required plaintiff All Brands Fork Lift Corp. to provide the down payment and defendant Yetish, Inc. to cover the remainder of the purchase price with a purchase money mortgage. In addition, the buyers-prepurchase agreement provides that, after the closing, the parties shall undertake to cause the property to be divided so that the lot improved by a garage building shall be designated as one lot and the remaining three lots as one lot or more. The garage constitutes 25% of the property, while the other three lots constitute 75% of the property. Silverio Russo, who is not a party to this action, owned these four contiguous real properties. Mr. Russo entered into a purchase and sale agreement to convey the real properties to defendant and plaintiff corporations. The closing took place on December 22, 2000. The deed executed and delivered to the purchasers contains a provision allocating 30% ownership of the property to plaintiff All Brands Fork Lift Corp., and the remaining 70% to defendant Yetish, Inc. According to Owshadram Mo *604 habir, a principal from All Brands Fork Lift Corp., prior to closing, defendant was unable to meet part of its commitment. In consideration for making up for the deficiency of defendant’s commitment, plaintiff All Brands Fork Lift Corp. received an increase of 5% of his ownership interest in the properties. In contrast, John A. Bulan, a principal from Yetish, Inc., claims that the 5% increase was done solely to require All Brands Fork Lift Corp. to assume a greater percentage of the tax obligation, so as to more equitably reflect the actual value of its portion of the property; it was never intended to alter the ownership split, as provided in the buyers-prepurchase agreement. Reportedly, since early 2001, All Brands Fork Lift Corp. has used a portion of the vacant lot behind the multipurpose dwelling to store certain business equipment and vehicles. Such space, a principal from All Brands Fork Lift Corp. claims, constitutes the 5% increase in ownership it acquired at the closing. This action ensued when defendant Yetish, Inc. refused to divide the property along- the 70%/30% split, as delineated in the deed of conveyance. The parties now move and cross-move for summary judgment.
Discussion
A proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. (Zuckerman v City of New York, 49 NY2d 557 [1980].) Once this showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. (Romano v St. Vincent’s Med. Ctr. of Richmond, 178 AD2d 467 [2d Dept 1991]; see also, Bensonhurst Real Estate v Helsam Realty Co., 1 AD3d 302 [2d Dept 2003].)
This court finds no support in the law for plaintiff All Brands Fork Lift Corp.’s contention that the buyers-prepurchase agreement — allocating a 75%/25% split of ownership — merged into the deed and is therefore extinguished. It is well settled that, where a contract for the sale of land between a buyer and a seller has been executed by a conveyance, the terms of the contract concerning the nature and extent of the property conveyed merge into the deed and the contract terms are extinguished upon the closing of title and acceptance of the deed. (See, Goldsmith v Knapp, 223 AD2d 671 [2d Dept 1996]; *605 Marino v Dwyer-Berry Constr. Corp., 146 AD2d 751, 752 [2d Dept 1989].) Absent a clear intent evidenced by the parties that a particular provision shall survive delivery of the deed, prior negotiations or agreements are merged into the deed, and such negotiations or agreements are not admissible to vary the terms of the written instrument. (43A NY Jur 2d, Deeds § 215, at 150-151; see, Cordua v Guggenheim, 274 NY 51, 57 [1937].) Therefore, absent fraud or misrepresentation, “ ‘any inconsistencies between the contract and the deed are to be explained and governed solely by the deed, which is presumed to contain the final agreement of the parties.’ ” (Village of Warsaw v Gott, 233 AD2d 864, 865 [4th Dept 1996], quoting 43A NY Jur 2d, Deeds § 215, at 151; see also, Alexy v Salvador, 217 AD2d 877, 878 [3d Dept 1995]; Summit Lake Assoc. v Johnson, 158 AD2d 764 [3d Dept 1990].)
What plaintiff All Brands Fork Lift Corporation fails to comprehend is that the aforementioned merger doctrine has no application to this case. This is because the principle of merger addresses the obligations between the vendee and vendor of real property. With the aforementioned exceptions, a deed entered between the vendor and vendee would have the effect of extinguishing unfinished obligations of the vendor or vendee arising from a prior contract of sale. (See e.g., Dourountoudakis v Alesi, 271 AD2d 640 [2d Dept 2000]; West 90th Owners Corp. v Schlechter, 165 AD2d 46 [1st Dept 1991].) In other words, the delivery and acceptance of an executed deed is considered prima facie evidence of a merger superseding the provisions of the antecedent contract which had imposed obligations upon the parties. (Id.)
In this case, however, the dispute is not between the vendor and vendee. Rather, the dispute pertains to the rights and obligations between the purchasers. Accordingly, the resolution of the conflict depends upon the interpretation of the terms of the buyers-prepurchase agreement and the deed with regard to the party’s respective share of ownership of the property upon the agreed partition. Thus, since the rights of the parties as to the allocation of ownership upon the agreed partition do not arise from the contract of sale, their promulgation in the buyersprepurchase agreement are not extinguished by the doctrine of merger.
Unable to rely upon the doctrine of merger so as to extinguish the buyers-prepurchase agreement, plaintiff All Brands Fork Lift Corp. cannot establish as a matter of law that partition *606 must be based exclusively upon the terms of the deed of conveyance. Indeed, the manner in which title is taken is not dispositive of the intended ownership among the parties in title. (Vick v Albert, 17 AD3d 255 [1st Dept 2005].) For instance, in Benham v Hein (50 AD2d 808 [2d Dept 1975]), the Court held that the “[p]laintiff’s claim that the deed to the premises is conclusive proof that the property was held as a tenancy in common is unavailing, since partnership ownership may be proven expressly or by circumstantial evidence.” (Id. at 809.)
Accordingly, in this court’s view, there are material issues of fact regarding the nature of the ownership of the properties acquired jointly by plaintiff All Brands Fork Lift Corp. and defendant Yetish, Inc. While the buyers-prepurchase agreement allocates ownership along a 75%/25% split, the deed allocates ownership along a 70%/30% split. In addition, the parties dispute the intent of the 5% change of ownership in the deed at closing. Such sharp factual issues preclude the grant of any relief to plaintiff or defendant with respect to their respective motions for partial summary judgment for partition of the subject properties.
Conclusion
For the foregoing reasons, the motion and cross motion by defendant and plaintiff, seeking partial summary judgment on the respective claims for partition, are denied in their entirety.