■ FRANKLIN PARK PLAZA, LLC, Appellant, v V & J NATIONAL ENTERPRISES, LLC, Respondent. [870 NYS2d 193]—

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, defendant's alleged unauthorized use of plaintiff's property that is commonly known as the Franklin Park Plaza. The property is improved with a small shopping plaza that has a common parking area, and the plaza is accessed by way of a driveway on Kinne Street and two additional

driveways on Kirkville Road. Adjacent to the shopping plaza is a smaller parcel of land that contains a Pizza Hut restaurant (Pizza Hut parcel) operated by defendant pursuant to a lease that was assigned to the current owner of the property by its predecessor-in-title. Although the Pizza Hut parcel has frontage on Kinne Street, it is accessed only by way of the entrances on both Kinne Street and Kirkville Road for the Franklin Park Plaza. There are a limited number of parking spaces on the Pizza Hut parcel, and customers of the Pizza Hut restaurant park in the Franklin Park Plaza.

We conclude that Supreme Court properly denied plaintiff's motion for partial summary judgment on liability and for an inquest on damages inasmuch as defendant established as a matter of law that it has a valid easement benefitting the Pizza Hut parcel. "[A]n easement appurtenant is created when such easement is (1) conveyed in writing, (2) subscribed by the person creating the easement and (3) burdens the servient estate for the benefit of the dominant estate" (*Webster v Ragona*, 7 AD3d 850, 853 [2004] [internal quotation marks omitted]). Further, "[t]he writing must establish unequivocally the grantor's intent to give *for all time to come* a use of the servient estate to the dominant estate" (*Willow Tex v Dimacopoulos*, 68 NY2d 963, 965 [1986], *rearg denied* 69 NY2d 742 [1987]). Here, an easement by express grant was created in the February 1978 real estate purchase contract and rider executed by the former owners of the real property in question. Pursuant to the express terms of paragraph 23 of the rider, the "[s]eller . . . covenants to grant and convey to [the b]uyer a perpetual, non-exclusive easement for automobile parking and automobile and pedestrian ingress and egress, to and from [the Pizza Hut parcel], appurtenant to [that parcel], over, upon and across the parking areas . . . driveways . . . exits and entrances . . . as said areas now exist on the property . . . hereinafter referred as [Franklin Park Plaza]." The rider also provides in paragraph 32 that "[t]he right to use and exercise the rights and easements herein contained to be conveyed and reserved shall run with the land and [inure] to and be for the benefit of the [b]uyer and [s]eller, their successors and assigns, and tenants, sub-tenants, licensees, concessionaires, mortgagees in possession, customers and business invitees."

Contrary to plaintiff's contention, the fact that the subsequent deed from the seller to the buyer did not expressly refer to the easement is of no legal consequence. Plaintiff is correct that, "[a]s a general rule, the provisions of a contract for the sale of land are merged in the deed and, as a result, are extinguished

upon the closing of title" (*Goldsmith v Knapp*, 223 AD2d 671, 673 [1996]; *see Boser v Boser*, 237 AD2d 924, 925 [1997], *lv dismissed* 90 NY2d 1008 [1997]). That rule does not apply, however, " 'where the parties[, inter alia,] have expressed their intention that such provision shall survive delivery of the deed' " (*NVR, Inc. v Edwards*, 21 AD3d 1309, 1310 [2005]; *see Roosa v Campbell*, 291 AD2d 901 [2002]; *Goldsmith*, 223 AD2d at 673). Here, the record establishes that the parties to the real estate purchase contract and rider intended that the provisions creating the easement survive the closing, as evidenced by the provision in the contract that "[a]ll representations and warranties contained herein shall survive closing of this transaction." Moreover, the contract and rider with the attached map were recorded in the Onondaga County Clerk's Office immediately before the deed conveying the property was recorded, and there would have been no need to record the contract and rider unless the parties intended to ensure that the easement contained therein would survive the closing. We note in any event that the 1978 deed contained a general appurtenance clause that is sufficient to convey the easement to a subsequent purchaser of the dominant estate (*see Seebaugh v Borruso*, 220 AD2d 573, 574 [1995]), and that the easement is enforceable against plaintiff because it appears in plaintiff's direct chain of title, thus establishing that plaintiff had actual notice of it (*see Clements v Schultz*, 200 AD2d 11, 14 [1994]).

Plaintiff's remaining contentions with respect to the existence of the easement, i.e., that it was abandoned based on a subsequent rental agreement or that it was extinguished by adverse possession, are raised for the first time on appeal and thus are not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). In any event, they are without merit.

We also conclude that the court did not err in conditionally granting defendant's cross motion seeking dismissal of the complaint in the event that plaintiff failed within a specified time frame to name, as a necessary party (*see* CPLR 1001 [a]; 1003), the title owner of the Pizza Hut parcel as an additional defendant. In the event that the court determines that defendant is obligated to contribute to the maintenance of the subservient estate under the contract creating the easement, the rights of the owner of the dominant estate would be inequitably affected inasmuch as the tenant's rights are merely derivative of those of the owner (*see e.g. Schaffer v Landolfo*, 27 AD3d 812 [2006]; *Teeple Farms v LaValley*, 162 AD2d 976 [1990]).

Finally, we note that defendant has failed to perfect its cross appeal from that part of the order denying its alternative

request for relief in its cross motion, i.e., summary judgment dismissing the complaint, and thus defendant's cross appeal has been deemed abandoned and dismissed (*see* 22 NYCRR 1000.12 [b]). Present—Martoche, J.P., Smith, Fahey and Pine, JJ.