New York Land Dev. Corp. v Bennett (2018 NY Slip Op 02926)





New York Land Dev. Corp. v Bennett


2018 NY Slip Op 02926


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


187 CA 17-01266

[*1]NEW YORK LAND DEVELOPMENT CORP., PLAINTIFF-RESPONDENT,
v
GUY BROOKS BENNETT, DEFENDANT-APPELLANT. 






WOODS OVIATT GILMAN LLP, ROCHESTER (F. MICHAEL OSTRANDER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ROSSETTIE ROSSETTIE & MARTINO LLP, CORNING (GABRIEL V. ROSSETTIE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from a judgment (denominated judgment and order) of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered November 23, 2016. The judgment, among other things, declared that defendant's property is subject to a permanent easement appurtenant in favor of plaintiff's property. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the declaration is vacated and judgment is granted in favor of defendant as follows:
It is ADJUDGED and DECLARED that defendant's property known as Steuben County Tax Parcel 055.00-01-013.000 is not subject to a permanent easement appurtenant in favor of plaintiff's property known as Steuben County Tax Parcel 069.00-01-010.000.
Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that property owned by defendant is subject to a permanent easement appurtenant in favor of adjacent property owned by plaintiff. Defendant now appeals from a judgment, issued after a nonjury trial, in which Supreme Court declared that such an easement burdened defendant's property. We reverse the judgment and issue a declaration in favor of defendant.
Here, the evidence at trial established that, shortly before defendant purchased his parcel, a document was filed in the County Clerk's Office providing that defendant's predecessor in interest granted plaintiff's predecessor in interest the right to access plaintiff's property over defendant's parcel. The document further provided that plaintiff's predecessor in interest was responsible for maintaining the access road that crossed defendant's parcel. That document reflected that it was signed by both predecessors more than nine years before it was filed. Filed with the document was a notarized statement from a person who witnessed the signing of the document, and who averred that both predecessors intended that plaintiff's predecessor have access to plaintiff's parcel over defendant's land "along a logging road that had fallen into disrepair." That witness also indicated that it was her impression that the access would be permanent. Before plaintiff purchased its parcel, defendant had erected a gate that blocked the access road.
The evidence at trial further established that plaintiff purchased its parcel with knowledge that the gate existed. In addition, plaintiff bought the property at an auction, and the aerial photographs of the parcel that were displayed at the auction were marked to indicate that it was not clear whether there was access through defendant's parcel. After plaintiff purchased the property, defendant declined to permit plaintiff to use the access road.
The law is well settled that " [a]n easement appurtenant is created when such easement is (1) conveyed in writing, (2) subscribed by the person creating the easement and (3) burdens the servient estate for the benefit of the dominant estate' " (Franklin Park Plaza, LLC v V & J Natl. Enters., LLC, 57 AD3d 1450, 1451 [4th Dept 2008]). Although no specific words are required to express the permanency of an easement (see Pomygalski v Eagle Lake Farms, 192 AD2d 810, 811-812 [3d Dept 1993], lv denied 82 NY2d 656 [1993]; Evans v Taraszkiewicz, 125 AD2d 884, 886 [3d Dept 1986]), to "create an easement by express grant there must be a writing containing plain and direct language evincing the grantor's intent to create a right in the nature of an easement rather than a revocable license . . . The writing must establish unequivocally the grantor's intent to give for all time to come a use of the servient estate to the dominant estate. The policy of the law favoring unrestricted use of realty requires that where there is any ambiguity as to the permanence of the restriction to be imposed on the servient estate, the right of use should be deemed a license, revocable at will by the grantor, rather than an easement" (Willow Tex v Dimacopoulos, 68 NY2d 963, 965 [1986]; see State of New York v Johnson, 45 AD3d 1016, 1018 [3d Dept 2007]; see also Franklin Park Plaza, LLC, 57 AD3d at 1451).
Here, the document signed by the parties' predecessors in interest contains no words of permanency, nor any indication that it is meant to bind the grantor's successors in interest. Thus, we conclude that plaintiff failed to establish that the parties' predecessors intended to create an easement (cf. Webster v Ragona, 7 AD3d 850, 854 [3d Dept 2004]).
We reject plaintiff's contention that the deposition testimony of the witness to the signing of the document, which was admitted in evidence at trial by stipulation of the parties, established that the parties' predecessors intended to create a permanent easement. That witness's " conclusory, unsubstantiated assertions' are insufficient to establish plaintiff's entitlement to the relief sought" (Towner
Living Trust v Lottermoser, 56 AD3d 1275, 1276 [4th Dept 2008]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court