138-140 W. 32nd St. Assoc. LLC v 138-140 W. 32nd St. Assoc. (2022 NY Slip Op 02488)

138-140 W. 32nd St. Assoc. LLC v 138-140 W. 32nd St. Assoc.

2022 NY Slip Op 02488

Decided on April 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 14, 2022

Before: Acosta, P.J., Kern, González, Shulman, JJ. 

Index No. 152064/13 Appeal No. 15719 Case No. 2021-04435 

[*1]138-140 West 32nd Street Associates LLC, Plaintiff-Respondent,
v
138-140 West 32nd Street Associates, a New York General Partnership, et al., Defendants-Appellants.

Wachtel Missry LLP, New York (Evan S. Weintraub of counsel), for appellants.
Goldberg Weprin Finkel Goldstein LLP, New York (Kevin J. Nash of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered November 3, 2021, which denied defendants' motion for summary judgment and granted plaintiff's motion for partial summary judgment on its claim for breach of contract to buy certain commercial property, unanimously affirmed, without costs.
The Partnership Law, which provides that "[a]ny estate in real property may be acquired in the partnership name" (§ 12[3]), also recognizes that title to real property of the partnership may be held in the name of one partner, in the names of some but not all of the partners, or in the names of all the partners (id.; Partnership Law § 21[3], [4], [5]). Consistent with that principle, "it may always be shown that property, title to which is taken in the name of individuals, is in truth and in fact partnership property" (Vick v Albert, 17 AD3d 255, 256 [1st Dept 2005]). Thus, a deed showing a tenancy in common, standing alone, does not end the inquiry (id.; see also Benham v Hein, 50 AD2d 808, 809 [2d Dept 1975] ["Plaintiff's claim that the deed to the premises is conclusive proof that the property was held as a tenancy in common is unavailing, since partnership ownership may be proven expressly or by circumstantial evidence"]).
Here, the deed to Parcel 2 was in the name of defendant partnership. While the deed to Parcel 1 reflected title held by Joseph and David Simhon as tenants in common, the circumstantial evidence showed that they considered the partnership to be the true owner of both properties (see Wiener v Spahn, 110 AD3d 443 [1st Dept 2013]). It is undisputed that Parcel 1 was listed on the partnership's tax returns from 2012 through 2015 (see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009] [holding that "a party to litigation may not take a position contrary to a position taken in an income tax return"]), and the property ledger showed that the Simhon brothers disregarded their individual ownership of Parcel 1. In Joseph's deposition testimony, he acknowledged that both parcels were owned and operated by the partnership. Joseph further conceded that both properties were treated equally as partnership assets by reflecting rental income on partnership tax returns; entering all rents on the books and records of the partnership; and depositing all rents into and making all disbursements from partnership bank accounts. Thus, the record supports Supreme Court's finding that defendants treated Parcel 1 as a partnership asset and that Joseph had the authority to sell the property.
Defendants nonetheless argue that the contract failed for lack of consideration because plaintiff failed to timely make the down payment and that contract provisions barring oral modification prevented a waiver of immediate tender of the deposit in the absence of a written agreement. The provision in paragraph 4.2(a) of the contract regarding payment of the deposit, however, stated that the deposit shall be paid "upon the full execution and delivery of this [*2]Agreement." Thus, by its plain language, the contract became enforceable against defendants upon its execution by defendant Joseph, although, since there were signature lines for defendant David as well as Joseph, the deposit was not due until the contract was "fully executed" and returned with David's signature.
Moreover, the $400,000 deposit was eventually tendered, albeit after this litigation commenced. Contrary to defendants' contention, a "mere delay in performance will not be considered as grounds for rescission unless time is of the essence" (Gupta v 211 St. Realty Corp., 16 AD3d 309, 311 [1st Dept 2005]). Even if the deposit was immediately due, as defendants claim, the mere fact that it was late does not mean that the consideration failed and was cause for rescission of the contract.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 14, 2022