■ MERCANTILE FINANCIAL CORPORATION, Respondent, v P & F INDUSTRIES, INC., Appellant.—In an action to recover damages predicated upon the theories of prima facie tort and tortious inducement to violate the Illinois Bulk Sales Act, the defendant appeals from an order of the Supreme Court, Nassau County, entered August 1, 1977, which denied its motion for summary judgment, or in the alternative, to dismiss the complaint for failure to state a cause of action. Order reversed, on the law, with $50 costs and disbursements, and defendant's motion granted to the extent that the complaint is dismissed for failure to state a cause of action. The defendant entered into an agreement with the purchaser of its subsidiary's assets to indemnify said purchaser from claims of the subsidiary's creditors. This was done in lieu of compliance with the procedure outlined in the Illinois Bulk Sales Act (see Uniform Commercial Code, art 6).* The plaintiff, a creditor of the subsidiary corporation, claims that this agreement constitutes an actionable wrong in violation of its rights. It alleges as a cause of action a prima facie tort, the key to which is "the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful" *(ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458, quoting from *Ruza v Ruza,* 286 App Div 767, 769). The defendant's indemnification agreement is the result of a standard business practice to provide financial savings and business security. It is not inconsistent with the intended purpose of the Bulk Sales Act to protect general unsecured creditors (see Official Comment, McKinney's Cons Laws of NY, Book 62½ Uniform Commercial Code, § 6-101, p 716). The agreement is clearly justified as having as its motive a "business advantage"; it was not intended to injure the plaintiff. Therefore, the prima facie tort action must fail (see *Squire Records v Vanguard Recording Soc.,* 25 AD2d 190). Furthermore, in our opinion an action for the alleged tortious inducement to violate the Bulk Sales Act does not lie. This statute provides that a transfer in bulk, and not in the ordinary course of business, of a major part of the transferor's inventory will be ineffective against any creditor of the transferor if the

---

* Insofar as relevant here the New York Bulk Transfers Statute is similar to the Illinois Bulk Sales Act.

outlined notice procedure is not followed (see Uniform Commercial Code, §§ 6-102, 6-104). Significantly, the statute does not require buyers and sellers of businesses to comply with the notice procedure. Titone, J. P., Suozzi, Margett and Hawkins, JJ., concur.