■ BARBARA CROMARTY et al., Appellants, v PRENTICE-HALL, INC., Respondent, et al., Defendants.—In an action, *inter alia,* to recover damages for "injurious falsehood", plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County, dated August 2, 1978, which, upon the motion of defendant Prentice-Hall, Inc., to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action, dismissed the amended complaint, and (2) a further order of the same court, dated January 12, 1979, which denied their motion for leave to replead. Order

dated August 2, 1978, reversed, on the law, and motion to dismiss denied and amended complaint reinstated. Respondent's time to answer is extended until 20 days after service upon it of a copy of the order to be made hereon, together with notice of entry thereof. Appeal from the order dated January 12, 1979 dismissed as academic, without prejudice to an application at Special Term, if plaintiffs be so advised, for leave to further amend their complaint. Plaintiffs are awarded one bill of $50 costs and disbursements. In September, 1977 respondent published the book The Amityville Horror—A True Story which plaintiffs allege contains false representations that the house owned by them had been visited by occult phenomena. In their amended complaint, plaintiffs allege that those "false misrepresentations were made willfully solely for * * * commercial exploitation". Plaintiffs allege that defendants' acts depreciated the value of their house by $60,000 and caused curiosity seekers to congregate about their house, causing them to expend $9,000 for refuse collection, guard services and the construction of a fence. The amended complaint demands, *inter alia,* special damages of $60,000 and $9,000. Respondent moved to dismiss for failure to state a cause of action. In their affidavit in opposition to the motion, plaintiffs alleged that they had purchased the house for $55,000 and had expended $20,000 to restore the premises. In its order dated August 2, 1978, Special Term dismissed the amended complaint for failure to state a cause of action. The court noted that the amended complaint did not allege a cause of action for prima facie tort because the motive for the publication was commercial gain. Further, the court held that an action for injurious falsehood did not lie because "the necessary special damages are not adequately pleaded". Since the amended complaint alleged that the purpose of the publication was for commercial gain and not to harm plaintiffs, plaintiffs did not allege a cause of action for prima facie tort (see *Mercantile Fin. Corp. v P & F Inds.,* 63 AD2d 1014; Ann., 16 ALR3d 1191, 1211-1215). However, the amended complaint alleged a cause of action for "injurious falsehood" (see Restatement, Torts 2d, § 623A; see, also, *Barrett v Associated Newspapers,* 23 Times Law Reps 666). Special damages are a necessary element of the tort of "injurious falsehood". However, the amended complaint, examined in conjunction with the affidavits in opposition to the motion to dismiss (see *Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636), adequately alleges special damages, i.e., depreciation in the value of the house (see *Maglio v New York Herald Co.,* 83 App Div 44) and out-of-pocket expenditures necessitated by the acts of third-party "curiosity seekers", for which recovery is possible if plaintiffs can establish the requisite foreseeability (see *Ventricelli v Kinney System Rent A Car,* 45 NY2d 950; *Saugerties Bank v Delaware & Hudson Co.,* 236 NY 425; *Martinez v Lazaroff,* 66 AD2d 874; Restatement, Torts 2d, § 632). It should be noted that we are not passing on the question of whether plaintiffs have in fact established grounds for relief, nor upon the sufficiency of each cause of action (see *Board of Educ. v Farmingdale Classroom Teachers Assn.,* 46 AD2d 794, mod 38 NY2d 397). We consider only the question of whether on the four corners of the amended complaint, a cause of action was adequately pleaded. Since the amended complaint is reinstated, the propriety of the order denying leave to replead is academic. Therefore, we dismiss the appeal from that order without prejudice to plaintiffs moving at Special Term for leave to further amend their complaint to conform with the proposed complaint submitted with their application to replead. Hopkins, J. P., Titone, Cohalan and Gibbons, JJ., concur.

■ NATALIE D'AMICO, as Administrator of the Estate of STEPHEN D'AM-