■ VILLAGE OF WARSAW et al., Respondents, v DONALD GOTT, Appellant. [649 NYS2d 605] —Judgment unanimously reversed on the law without costs and motion denied in part in accordance with the following Memorandum: Supreme Court erred in summarily adjudging plaintiffs to be the owners of a strip of land 16 feet wide that defendant claims to have acquired by adverse possession. Having moved for summary judgment in this action to determine the ownership of that land pursuant to RPAPL article 15, plaintiffs had the initial burden to submit evidence sufficient to demonstrate the absence of all material issues of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiffs submitted no evidence that plaintiff Village of Warsaw used the disputed property for a governmental purpose and failed to demonstrate the absence of factual issues concerning defen-

dant's actual adverse possession of the property (see, RPAPL 522). Thus, we reverse the judgment and deny that part of the motion of plaintiffs for summary judgment seeking a determination that they own the disputed property in fee simple and dismissal of defendant's claim of adverse possession.

We note that the court in a prior order properly granted that part of plaintiffs' motion for summary judgment seeking to dismiss the counterclaim, which sought an order directing the correction of a deed. It is settled law that, where a contract for the sale of land has been executed by a conveyance, the terms of the contract concerning the nature and extent of property conveyed merge into the deed and "any inconsistencies between the contract and the deed are to be explained and governed solely by the deed, which is presumed to contain the final agreement of the parties" (43A NY Jur 2d, Deeds, § 215, at 151; see also, Summit Lake Assocs. v Johnson, 158 AD2d 764, 766). Defendant contends that, because execution of the deed was preceded by a legal notice offering the property for sale rather than a negotiated contract, the merger doctrine should not be applied. We disagree. The notice offering the property for sale to the highest responsible bidder stated that the deed would convey the property "briefly" described in the notice. Because the deed reflected the final agreement of the Village and successful bidder, we perceive no reason not to apply the merger doctrine in this case. (Appeal from Judgment of Supreme Court, Wyoming County, Feeman, Jr., J.—Adverse Possession.) Present—Denman, P. J., Green, Wesley, Balio and Davis, JJ.