■ Philip J. Loree, Appellant, v James G. Barnes et al., Respondents. [875 NYS2d 350]—

Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered June 6, 2008 in an action pursuant to RPAPL 871. The order denied plaintiff's motion for summary judgment and dismissed the amended complaint without prejudice.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action pursuant to RPAPL 871 seeking an injunction requiring James G. Barnes and Mary C. Barnes (defendants) to remove asphalt that encroaches on the northern boundary of property owned by plaintiff in fee with his wife as tenants by the entirety. Plaintiff further contends that the asphalt also encroaches on property that is owned by the Village of North Hornell but is the frontage of plaintiff's property and abuts the street. We note at the outset that we agree with plaintiff that, as the owner of the abutting property, he has an easement by operation of law to that frontage "subject to interference by no one except the representatives of the public" (*Donahue v Keystone Gas Co.*, 181 NY 313, 320 [1905]). Defendants raised three affirmative defenses in their answer, two with respect to the alleged failure to join necessary parties and the third with respect to adverse possession.

We conclude that Supreme Court properly sua sponte dismissed the amended complaint without prejudice based on defendants' first affirmative defense, i.e., the failure of plaintiff to include his wife as a necessary party, inasmuch as her right with respect to the fee interest itself and her interest with respect to the easement may be inequitably affected by this action (*see* CPLR 1001 [a]; *Hitchcock v Boyack*, 256 AD2d 842, 844 [1998]; *cf. Weichert v O'Neill*, 245 AD2d 1121, 1122 [1997]; *see generally Hitchcock v Abbott*, 9 AD3d 563, 566 [2004]). We note, however, that the court erred in further determining that the Village of North Hornell is also a necessary party, as alleged in defendants' second affirmative defense. Here, only defendants' affirmative defense with respect to adverse possession may affect a right of the municipality and where, as here, property is held for public purposes, "no interest will pass by adverse possession" (*City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, 125 [1982], *appeal dismissed* 58 NY2d 824 [1983]).

Despite our conclusion that the court properly dismissed the amended complaint without prejudice based on plaintiff's failure to name a necessary party, we further note in the interest of judicial economy that the court erred in determining that defendants raised an issue of fact with respect to their affirmative defense of adverse possession over a 34-inch area at the base of their driveway that extended over the frontage of plaintiff's property sufficient to defeat plaintiff's motion seeking summary judgment on the amended complaint. Even assuming, arguendo, that there is a valid claim of adverse possession for that type of easement, we conclude that plaintiff established that the encroachment on that easement did not exist prior to June 2006. Thus, in opposition to the motion defendants raised an issue of fact only with respect to the period from December 2002 to June 2006, not the 10-year period required for a claim of adverse possession (*see Comrie, Inc. v Holmes*, 40 AD3d 1346, 1347 [2007], *lv denied* 9 NY3d 815 [2007]). Present—Scudder, P.J., Hurlbutt, Martoche, Green and Gorski, JJ.