In the Matter of LAWRENCE J. MATTAR, for an Order Authorizing the Sale of Certain Real Property Belonging to AIDA C., an Incapacitated Person, Respondent, v ROSANNA E. HECKL et al., Appellants. [909 NYS2d 610]—

Appeal from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered April 13, 2009. The order, inter alia, granted the petition and approved the sale of certain real property.

It is hereby ordered that said appeal is unanimously dismissed with costs.

Memorandum: Respondents, the children of Aida C., an incapacitated person (hereafter, IP) (*Matter of Aida C.*, 66 AD3d 1344 [2009]), appeal from an order that, inter alia, granted the petition of the guardian of the IP's property seeking to sell

certain real property pursuant to Mental Hygiene Law § 81.21 (b). Respondents contend that Supreme Court erred in failing to set forth its reasons for granting the petition as required by section 81.21 (e), and they seek to have the contract of sale rescinded. The sale of the property in question to a third party closed more than one year before respondents perfected their appeal. " '[U]nder the well-established doctrine of merger, provisions in a contract for the sale of real estate merge into the deed and are thereby extinguished absent the parties' demonstrated intent that a provision shall survive transfer of title' " (*Arnold v Wilkins*, 61 AD3d 1236, 1236 [2009]). Thus, the contract provisions have merged into the deed, and the contract may not be rescinded. Where, as here, "the rights of the parties cannot be affected by the determination of [the] appeal," the appeal must be dismissed as moot (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Present—Scudder, P.J., Centra, Peradotto, Sconiers and Pine, JJ.