■ BELLA MAPLE GROUP, INC., Appellant-Respondent, v AMRAM ATTIAS et al., Respondents-Appellants, et al., Defendants. [911 NYS2d 649]—

In an action, inter alia, to recover damages for fraud, breach

of contract, and breach of warranty, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated September 2, 2008, as denied its motion for summary judgment on the issue of liability, and the defendants Amram Attias and A.V., LLC, cross-appeal from so much of the same order as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them and for summary judgment on their counterclaim for rent arrears.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendants Amram Attias and A.V., LLC, which was for summary judgment dismissing the first cause of action of the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants Amram Attias and A.V., LLC.

No cause of action to recover damages for fraud will arise when the only fraud alleged relates to a breach of contract (see Marlowe v Ferrari of Long Is., Inc., 61 AD3d 645 [2009]; Carle Place Union Free School Dist. v Bat-Jac Constr., Inc., 28 AD3d 596, 598-599 [2006]; Marshel v Farley, 21 AD3d 935 [2005]; 34-35th Corp. v 1-10 Indus. Assoc., 2 AD3d 711, 712 [2003]; Guerrera v Foundation Tit. & Escrow Corp., 303 AD2d 456 [2003]). Accordingly, the Supreme Court should have granted that branch of the cross motion of the defendants Amram Attias and A.V., LLC (hereinafter together the defendants), which was to dismiss the first cause of action insofar as asserted against them.

However, the Supreme Court properly denied the remaining branches of the defendants' cross motion and the plaintiff's motion for summary judgment. The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on its remaining causes of action alleging breach of contract and breach of warranty by submitting evidence that the premises leased from the defendants could not be lawfully used for food services, as warranted in the lease between the parties. In opposition, the defendants raised a triable issue of fact as to whether the plaintiff could have lawfully used the premises for food services (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contention is not properly before this Court.

The defendants' remaining contentions are without merit. Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.