■ J & D EVANS CONSTRUCTION CORP., Appellant, v VINCENZO IANNUCCI et al., Respondents. DINO EVANGELISTA, Additional Counterclaim Defendant-Appellant, et al., Additional Counterclaim Defendant. [923 NYS2d 864]—

In an action to recover damages for breach of contract and unjust enrichment, the plaintiff and the additional counterclaim defendant, Dino Evangelista, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), entered April 8, 2010, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third and fourth counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In determining a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), or, as in this case, a counterclaim, the pleading is afforded a liberal construction, the facts alleged are accepted as true, and the proponent of the pleading is accorded the benefit of every favorable inference" (*Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC*, 78 AD3d 746, 748 [2010]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

"No cause of action to recover damages for fraud will arise

when the only fraud alleged relates to a breach of contract" (*Bella Maple Group, Inc. v Attias*, 78 AD3d 1092, 1093 [2010]; *see Marlowe v Ferrari of Long Is., Inc.*, 61 AD3d 645, 646 [2009]; *Carle Place Union Free School Dist. v Bat-Jac Constr., Inc.*, 28 AD3d 596, 598-599 [2006]). "By contrast, a cause of action [alleging] fraud may be maintained where a [party] pleads a breach of duty separate from, or in addition to, a breach of the contract" (*First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 291 [1999]). Here, the third counterclaim alleged, among other things, that the appellants misrepresented a material fact regarding their insurance coverage, which was collateral to the contract and served as an inducement to enter into the contract. These allegations were sufficient to sustain a cause of action sounding in fraud (*see Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956 [1986]; *WIT Holding Corp. v Klein*, 282 AD2d 527, 528 [2001]). Moreover, accepting the facts as alleged in the third counterclaim as true, and according the defendants the benefit of every possible favorable inference (*see Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC*, 78 AD3d at 748), the third counterclaim also sufficiently stated a claim alleging negligent misrepresentation.

Further, contrary to the appellants' contention, the fourth counterclaim sufficiently stated a claim to recover damages for injurious falsehood (*see Mannix Indus. v Antonucci*, 191 AD2d 482 [1993]; *Cromarty v Prentice-Hall*, 72 AD2d 782, 783 [1979]).

The appellants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third and fourth counterclaims. Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.