# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**485**
**CA 13-00387**
PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

SUSAN GATELY, PLAINTIFF-RESPONDENT,

V                                                              MEMORANDUM AND ORDER

JAMES GATELY, DEFENDANT-APPELLANT.
----------------------------------------
THOMAS A. PALMER, RECEIVER, RESPONDENT.
(APPEAL NO. 1.)

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAMON MOREY LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), AND J. ADAMS & ASSOCIATES, PLLC, WILLIAMSVILLE, FOR PLAINTIFF-RESPONDENT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered April 3, 2012. The order approved the sales contract for real property located at 8 Mountainview, Ellicottville.

It is hereby ORDERED that said appeal is unanimously dismissed without costs.

Memorandum: In appeal Nos. 1 and 2, defendant appeals from orders that, respectively, approved a contract to sell the parties' real property and vacated a notice of pendency filed by defendant against plaintiff and the receiver. Defendant contends in appeal No. 1 that Supreme Court abused its discretion in approving the sale of the parties' real property. We note, however, that the property in question was sold before defendant perfected his appeal, and he did not seek a stay of the order approving the sale (*see Gabriel v Prime*, 30 AD3d 955, 956). "[U]nder the well-established doctrine of merger, provisions in a contract for the sale of real estate merge into the deed and are thereby extinguished absent the parties' demonstrated intent that a provision shall survive transfer of title" (*Matter of Mattar v Heckl*, 77 AD3d 1390, 1391 [internal quotation marks omitted]). Thus, the contract of sale has merged into the deed, and the contract may not be rescinded (*see id.*). "Where, as here, 'the rights of the parties cannot be affected by the determination of [the] appeal,' the appeal must be dismissed as moot" (*id.; see generally Matter of Pray v Clinton County*, 101 AD3d 1567, 1567).

Defendant contends in appeal No. 2 that the court erred in vacating his notice of pendency.  In view of our determination in appeal No. 1, we likewise dismiss the appeal from the order in appeal No. 2 (*see Mattar*, 77 AD3d at 1391).  We note in any event that defendant's " 'claim that [the] real property is a marital asset subject to distribution does not, by itself, establish grounds for a [notice of pendency]' . . . , inasmuch as a claim for equitable distribution will not necessarily affect the title to, or possession, use or enjoyment of, the subject real property" (*Jolley v Lando*, 99 AD3d 1256, 1256; *see Fakiris v Fakiris*, 177 AD2d 540, 543).

Entered:  May 2, 2014

Frances E. Cafarell
Clerk of the Court