# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1234**
**CA 14-00743**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO,

---

HENRY SICIGNANO, III, PLAINTIFF-APPELLANT,

       V         MEMORANDUM AND ORDER

LARAMIE N. DIXEY AND CELESTE M. HOLLANDS,
DEFENDANTS-RESPONDENTS.

---

DUKE, HOLZMAN, PHOTIADIS & GRESENS, LLP, BUFFALO (CHARLES C. RITTER, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HOGAN WILLIG, PLLC, AMHERST (DIANE R. TIVERON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 26, 2013. The order, insofar as appealed from, granted defendants' cross motion for summary judgment, dismissed plaintiff's amended complaint and granted defendants judgment against plaintiff for their reasonable attorneys' fees and costs.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the cross motion is denied, the amended complaint is reinstated, and the award of attorneys' fees and costs to defendants is vacated.

Memorandum: In June 2009, plaintiff executed a contract to purchase a home owned by defendants. On the property condition disclosure statement, which was attached to the contract, defendants answered "no" to question No. 30 ("Are there any flooding, drainage or grading problems that resulted in standing water on any portion of the Property?") and question No. 31 ("Does the basement have seepage that results in standing water?"). Several months after plaintiff took possession of the property, he allegedly began to experience "huge water problems," including "severe flooding, standing water, [and sump] pumps that r[a]n for five or six days" at a time. Plaintiff thereafter commenced this action seeking damages for violation of article 14 of the Real Property Law, fraud, and breach of contract in connection with the transaction. We agree with plaintiff that Supreme Court erred in granting defendants' cross motion for summary judgment dismissing the amended complaint and, thus, in awarding them attorneys' fees and costs.

Real Property Law § 462 (1) requires sellers of residential real property to "complete and sign a property condition disclosure statement" and to provide such statement to a prospective buyer "prior

to the signing by the buyer of a binding contract of sale."  Real Property Law § 462 sets forth the disclosure form, which instructs the seller to complete the form based upon his or her "ACTUAL KNOWLEDGE," and contains the seller's certification that "THE INFORMATION IN THIS PROPERTY CONDITION DISCLOSURE STATEMENT IS TRUE AND COMPLETE TO THE SELLER'S ACTUAL KNOWLEDGE AS OF THE DATE SIGNED BY THE SELLER."  Where a seller provides a property condition disclosure statement and "willful[ly] fail[s] to perform the requirements" set forth in article 14 of the Real Property Law "[such] seller shall be liable for the actual damages suffered by the buyer in addition to any other existing equitable or statutory remedy" (Real Property Law § 465 [2]).

Here, even assuming, arguendo, that defendants met their initial burden on that part of the cross motion with respect to the cause of action asserted pursuant to the Real Property Law by denying actual knowledge of any flooding or seepage resulting in standing water, we conclude that plaintiff raised an issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Plaintiff submitted, inter alia, defendants' responses to his interrogatories and their deposition testimony, and defendants admitted therein that the basement had flooded on two occasions during their ownership of the property.  Although defendants blamed those two incidents on power failures rather than a property defect, the fact remains that they experienced at least two instances of standing water in the basement despite their representations to the contrary (*see Meyers v Rosen*, 69 AD3d 1095, 1099; *Calvente v Levy*, 12 Misc 3d 38, 39-40).  Plaintiff also submitted affidavits from 13 neighbors, all of whom averred that there were "chronic drainage problems and flooding" at the property and that, at times, the flooding was so severe that water pumped from the property's basement flooded the adjacent roadway.  The neighbors specifically averred that they had "observed such flooding at the [p]roperty when it was owned by [defendants]."  Although defendants speculated that the neighbors were confusing defendants with the prior owners of the property, there is no evidence to support that assertion and, in any event, issues of credibility may not be resolved upon summary judgment (*see Rew v County of Niagara*, 115 AD3d 1316, 1318).  We therefore conclude that plaintiff raised an issue of fact with respect to defendants' actual knowledge of flooding on the property (*see Pettis v Haag*, 84 AD3d 1553, 1555; *Meyers*, 69 AD3d at 1097).

With respect to the fraud cause of action, it is well settled that, "[t]o establish a cause of action for fraud, plaintiff must demonstrate that defendants knowingly misrepresented a material fact upon which plaintiff justifiably relied and which caused plaintiff to sustain damages" (*Klafehn v Morrison*, 75 AD3d 808, 810; *see Mikulski v Battaglia*, 112 AD3d 1355, 1356; *Pettis*, 84 AD3d at 1554).  "[F]alse representation in a [property condition] disclosure statement may constitute active concealment in the context of fraudulent nondisclosure" (*Klafehn*, 75 AD3d at 810; *see Sample v Yokel*, 94 AD3d 1413, 1415; *Pettis*, 84 AD3d at 1554-1555).  For the reasons set forth above, we conclude that plaintiff raised an issue of fact with respect to whether defendants knowingly misrepresented a material fact, i.e., the property's history of flooding and standing water, on the property condition disclosure statement (*see Mikulski*, 112 AD3d at 1356-1357;

*Pettis*, 84 AD3d at 1555; *Jablonski v Rapalje*, 14 AD3d 484, 486).  We likewise conclude that plaintiff raised an issue of fact with respect to whether he justifiably relied on defendants' alleged misrepresentations (*see Jablonski*, 14 AD3d at 487-488; *Bethka v Jensen*, 250 AD2d 887, 888).  Plaintiff testified that he toured the property, including the basement, on two separate occasions, and that he saw no evidence of water infiltration or water damage.  Plaintiff hired a home inspector, who noted a "grading issue" on the property, but did not identify any water issues in the basement or drainage issues on the property (*see Pettis*, 84 AD3d at 1555; *Jablonski*, 14 AD3d at 488; *cf. Klafehn*, 75 AD3d at 809-811; *Daly v Kochanowicz*, 67 AD3d 78, 84).  Although defendants assert that the dry wells on the property were "readily observable" and thus should have placed plaintiff on notice of water issues, defendant Laramie N. Dixey testified that he learned about the dry wells only because the prior owner took him around the property and showed him the location of the wells.  Plaintiff testified that he first learned of the dry wells from a plumber he hired to address the flooding on the property, and that "[u]nless you're looking for [the dry wells], you would never find them."  Further, the fact that plaintiff previously lived in the general vicinity of the property does not establish as a matter of law that he knew or should have known of the property's history of flooding.

Finally, we agree with plaintiff that the court erred in dismissing his cause of action for breach of contract.  Although the provisions of a contract for the sale of real property are generally merged in the deed and therefore extinguished upon the closing of title (*see Franklin Park Plaza, LLC v V & J Natl. Enters., LLC*, 57 AD3d 1450, 1451-1452; *Goldsmith v Knapp*, 223 AD2d 671, 673), that rule does not apply " 'where the parties have expressed their intention that [a] provision shall survive delivery of the deed' " (*NVR, Inc. v Edwards*, 21 AD3d 1309, 1310; *see Matter of Mattar v Heckl*, 77 AD3d 1390, 1391; *Franklin Park Plaza, LLC*, 57 AD3d at 1452).  Here, the contract provides that "[a]ny claim arising from failure to comply with Paragraph[] 5 [of the contract]," which encompasses defendants' representations in the property condition disclosure statement, "shall survive for 2 years after the Closing or cancellation of this Contract" (*see generally Bibbo v 31-30, LLC*, 105 AD3d 791, 792; *Franklin Park Plaza, LLC*, 57 AD3d at 1452).  In any event, we note that "the merger doctrine [is] inapplicable where, as here, there exists a cause of action based upon fraud" (*Berger-Vespa v Rondack Bldg. Inspectors*, 293 AD2d 838, 840; *see Gilpin v Oswego Bldrs., Inc.*, 87 AD3d 1396, 1399; *Woodworth v Delgrand*, 174 AD2d 1011, 1011).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court