Pickard v Campbell (2022 NY Slip Op 04442)

Pickard v Campbell

2022 NY Slip Op 04442

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND BANNISTER, JJ.

230 CA 21-00058

[*1]JAMES PICKARD AND ANN MARIE PICKARD, INDIVIDUALLY AND AS HUSBAND AND WIFE, AND CUSTOM BUILDERS OF WNY, LLC, PLAINTIFFS-RESPONDENTS,
v
RICHARD CAMPBELL AND ROSEMARY CAMPBELL, INDIVIDUALLY AND AS HUSBAND AND WIFE, DEFENDANTS-APPELLANTS. 

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (FRANK J. JACOBSON OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LONG AND PAULO-LEE, PLLC, WILLIAMSVILLE (OLIVIA T. PAULO-LEE OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered December 18, 2020. The order, insofar as appealed from, denied that part of the motion of defendants seeking to dismiss the complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, that part of the motion seeking dismissal of the complaint is granted and the complaint is dismissed.
Memorandum: Plaintiffs commenced this action asserting causes of action for breach of contract, quiet title, promissory estoppel, fraudulent representation and misrepresentation, unjust enrichment, fraud, and an injunction. Defendants made a pre-answer motion seeking, among other things, to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), on the grounds that, inter alia, documentary evidence established that the breach of contract and quiet title causes of action are barred by the merger doctrine and that the promissory estoppel and unjust enrichment causes of action are barred by the existence of the contract, and the remainder of the complaint should be dismissed for failure to state a cause of action. Defendants appeal, as limited by their brief, from an order insofar as it denied that part of the motion seeking dismissal of the complaint. We reverse the order insofar as appealed from.
Defendants are the owners of several acres of vacant land, including a subdivided part thereof. Plaintiffs James and Ann Marie Pickard (Pickards) intended to purchase the subdivided parcel for the purpose of constructing a home, and had contracted with plaintiff Custom Builders of WNY, LLC (Custom Builders), which would construct the home. In October 2019, the Pickards and defendants entered into a contract for the sale of property. The contract listed, inter alia, the address and approximate size, and noted that the Pickards intended to construct a single-family home.
The Pickards and defendants closed on the contract in early December 2019. A deed was recorded, which contained, inter alia, a metes and bounds description of the property (property). Shortly thereafter, the Pickards reached the conclusion that the metes and bounds description of the property did not match the dimensions purportedly agreed to under the contract—i.e., the deed conveyed only a portion of the subdivided lot and did not include an additional parcel of land abutting the northern boundary of the property (additional parcel) that was necessary to construct a home on the site. Defendants refused the Pickards' request that defendants issue a [*2]corrective deed conveying the additional parcel, but offered to sell the additional parcel to the Pickards. Plaintiffs allege that defendants knew, at all relevant times, that the Pickards needed the additional parcel to construct a home and that they attempted to extort money from the Pickards above the contract's purchase price for the additional parcel.
It is well settled that, in the context of a motion to dismiss the complaint pursuant to CPLR 3211, we must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). A motion pursuant to CPLR 3211 (a) (7) will be granted if the plaintiffs do not have a cause of action (see id. at 88), and a motion pursuant to CPLR 3211 (a) (1) will be granted if "the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiffs'] claim[s]" (Baumann Realtors, Inc. v First Columbia Century-30, LLC, 113 AD3d 1091, 1092 [4th Dept 2014] [internal quotation marks omitted]).
At the outset, we conclude that Supreme Court erred in denying defendants' motion insofar as it sought to dismiss the complaint with respect to Custom Builders. Accepting the allegations as true, providing plaintiffs with the benefit of every favorable inference, and giving the complaint a liberal construction, as we must (see CPLR 3026; Leon, 84 NY2d at 87-88), we conclude that the complaint does not state any claim on behalf of Custom Builders. None of the causes of action asserted in the complaint alleges that defendants caused any damage to Custom Builders, which was neither a party to the contract, nor mentioned anywhere in the deed as an owner of the property. To that end, there are no allegations that Custom Builders was in privity with defendants, that defendants owed any duty to Custom Builders, or that they made any representations to Custom Builders that would be actionable under any of the causes of action in the complaint. We reject plaintiffs' argument that any defects in pleading with respect to Custom Builders did not prejudice defendants (see generally Catli v Lindenman, 40 AD2d 714, 715 [2d Dept 1972], affd 33 NY2d 1002 [1974]). We conclude that defendants are prejudiced because, based on the complaint, it is impossible to tell what claims Custom Builders has asserted against defendants, or how defendants are alleged to have caused harm to Custom Builders (see generally Joffe v Rubenstein, 24 AD2d 752, 752 [1st Dept 1965], appeal dismissed 21 NY2d 721 [1968]; Shapolsky v Shapolsky, 22 AD2d 91, 91 [1st Dept 1964]). Although complaints should be liberally construed, we are not required to read into them causes of action that plaintiffs did not attempt to assert (see generally Halkedis v Two E. End Ave. Apt. Corp., 137 AD2d 452, 453 [1st Dept 1988], affd 72 NY2d 933 [1988]).
Addressing the Pickards' causes of action, we agree with defendants that the court erred in denying the motion with respect to the breach of contract and quiet title causes of action. Those causes of action are barred by the merger doctrine. "It is settled law that, where a contract for the sale of land has been executed by a conveyance, the terms of the contract concerning the nature and extent of property conveyed merge into the deed and any inconsistencies between the contract and the deed are to be explained and governed solely by the deed, which is presumed to contain the final agreement of the parties" (Village of Warsaw v Gott, 233 AD2d 864, 865 [4th Dept 1996] [internal quotation marks omitted]; see Sicignano v Dixey, 124 AD3d 1301, 1303 [4th Dept 2015]; Gately v Gately, 117 AD3d 1490, 1490 [4th Dept 2014]). Exceptions to the merger doctrine include "where the parties have expressed their intention that [a] provision shall survive delivery of the deed" (Sicignano, 124 AD3d at 1304 [internal quotation marks omitted]), where the deed is ambiguous with respect to the land conveyed (see De Paulis Holding Corp. v Vitale, 66 AD3d 816, 817-818 [2d Dept 2009]), and where there exists a valid fraud cause of action (see Sicignano, 124 AD3d at 1304).
Here, the merger doctrine applies to bar the breach of contract and quiet title causes of action. The deed contained an unambiguous description of the property being conveyed by defendants, which did not include the additional parcel that the Pickards assert was contemplated by the contract (cf. De Paulis Holding Corp., 66 AD3d at 818). The cases relied on by plaintiffs are inapposite because they involved deeds that contained ambiguous language describing the land to be conveyed (see id.; Leaman v McNamee, 58 AD3d 918, 920 [3d Dept 2009]; Eliopoulous v Lake George Land Conservancy, Inc., 50 AD3d 1231, 1232-1233 [3d Dept 2008]). There is no ambiguity in the language of the deed in this case, and therefore there is no need to resort to the language in the contract. Regardless, the description in the contract would not aid plaintiffs here inasmuch as it contained only an approximate indication of size and did not [*3]indicate that the additional parcel was part of the intended conveyance. Further, the contract contained no expression of intent that the contract's description would survive the closing (see Sicignano, 124 AD3d at 1304; Gately, 117 AD3d at 1490). Thus, we conclude that "there was no clear intent evidenced by the parties that a particular provision would survive delivery of the deed," and therefore the provisions of the contract "merged in the deed" (Marino v Dwyer-Berry Constr. Corp., 146 AD2d 751, 751 [2d Dept 1989]; see Rojas v Paine, 101 AD3d 843, 846-847 [2d Dept 2012]). Additionally, the fraud exception to the merger doctrine does not apply here because, as discussed below, the Pickards do not have a valid fraud cause of action (cf. Sicignano, 124 AD3d at 1304).
We also agree with defendants that the court erred in denying the motion with respect to the promissory estoppel and unjust enrichment causes of action. It is well settled that those causes of action cannot stand when there is a contract between the parties (see ID Beauty S.A.S. v Coty Inc. Headquarters, 164 AD3d 1186, 1186 [1st Dept 2018]; Lee Dodge, Inc. v Sovereign Bank, N.A., 148 AD3d 1007, 1008-1009 [2d Dept 2017]; Susman v Commerzbank Capital Mkts. Corp., 95 AD3d 589, 590 [1st Dept 2012], lv denied 19 NY3d 810 [2012]). Promissory estoppel and unjust enrichment causes of action are "predicated on a theory of implied contract or quasi-contract [and are] not viable where there is an express agreement that governs the subject matter underlying the action" (Gym Door Repairs, Inc. v Astoria Gen. Contr. Corp., 144 AD3d 1093, 1097 [2d Dept 2016] [internal quotation marks omitted]). It is undisputed here that there was an express agreement between the Pickards and defendants. Indeed, on those causes of action, the Pickards seek recovery on the subject matter of the contract. In short, those causes of action are indistinguishable from the breach of contract cause of action (see generally IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009], rearg denied 12 NY3d 889 [2009]; Badding v Inglis, 112 AD3d 1329, 1331 [4th Dept 2013]; Goldstein v CIBC World Mkts. Corp., 6 AD3d 295, 296 [1st Dept 2004]).
Additionally, we agree with defendants that the court erred in denying the motion with respect to the fraudulent representation/misrepresentation and fraud causes of action. It is well settled that "[n]o cause of action to recover damages for fraud will arise when the only fraud alleged relates to a breach of contract" (Bella Maple Group, Inc. v Attias, 78 AD3d 1092, 1093 [2d Dept 2010]; see Bibbo v 31-30, LLC, 105 AD3d 791, 794 [2d Dept 2013]; Fantigrossi v Brannon Homes, Inc., 77 AD3d 1413, 1414 [4th Dept 2010]). Here, the Pickards' fraud and fraudulent representation/misrepresentation causes of action arise out of the same essential facts as the breach of contract cause of action—i.e., that defendants falsely suggested that the conveyance would include the additional parcel necessary for the construction of the home. We conclude that those causes of action are actually causes of action to recover damages for breach of contract "[i]nasmuch as the alleged falsity was a provision of the contract of sale" (Marcantonio v Picozzi, 70 AD3d 655, 656 [2d Dept 2010]). Further, to the extent that the Pickards' allegations of fraud amount to a claim that defendants entered into the contract intending not to convey the additional parcel, we conclude that such allegations "are insufficient to support a cause of action . . . for fraud" because they concern "representations . . . that are not statements of existing fact but are merely expressions of future expectations or that are promissory in nature" (Beason v Kleine, 96 AD3d 1611, 1615 [4th Dept 2012] [internal quotation marks omitted]; see generally New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]; Transit Mgt., LLC v Watson Indus., Inc., 23 AD3d 1152, 1155 [4th Dept 2005]).
Finally, "[a]lthough it is permissible to plead a cause of action for a permanent injunction . . . , permanent injunctive relief is, at its core, a remedy that is dependent on the merits of the substantive claims asserted" (Town of Macedon v Village of Macedon, 129 AD3d 1639, 1641 [4th Dept 2015] [internal quotation marks omitted]; see Corsello v Verizon N.Y., Inc., 77 AD3d 344, 368 [2d Dept 2010], mod on other grounds 18 NY3d 777 [2012], rearg denied 19 NY3d 937 [2012]). Consequently, "injunctive relief is simply not available when the plaintiff does not have any remaining substantive cause of action" (Weinreb v 37 Apts. Corp., 97 AD3d 54, 58 [1st Dept 2012]; see Town of Macedon, 129 AD3d at 1641). Thus, in light of our conclusion that the other causes of action should be dismissed, the Pickards' request for an injunction should also be dismissed, despite being styled as a separate cause of action.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court