Meyers v Berl (2023 NY Slip Op 00562)

Meyers v Berl

2023 NY Slip Op 00562

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

846 CA 22-00569

[*1]WILLIAM A. MEYERS AND EILEEN MEYERS, PLAINTIFFS-RESPONDENTS,
v
BRIAN T. BERL AND FAITH BERL, DEFENDANTS-APPELLANTS. (APPEAL NO. 2.) 

UNDERBERG & KESSLER LLP, BUFFALO (THOMAS F. KNAB OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
KENDALL, WALTON & BURROWS, WATERTOWN (KATHRYN J. HARRIENGER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

 Appeal from an order and judgment (one paper) of the Supreme Court, Jefferson County (James P. McClusky, J.), entered September 21, 2021. The order and judgment, inter alia, granted plaintiffs an easement over defendants' property. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Defendants own two parcels of land in Cape Vincent, Lot 10 and Lot 11, which border the St. Lawrence River. Plaintiffs own a single inland parcel across the street from Lot 10. In the 1960s, the parents of plaintiff William A. Meyers (Meyers parents) acquired the inland parcel, and the father of defendant Faith Berl acquired Lot 11. In 1993, Faith Berl became the owner of Lot 11 and, in 2010, defendants became the owners of Lot 10, an unimproved parcel of land. In 2012, plaintiffs became the owners of the inland parcel.
Pursuant to a 1964 Letter Agreement (Land Agreement) signed by Lionel Radley, who owned all the relevant properties at the time, and the father of plaintiff William A. Meyers, the Meyers parents were to obtain a "right of way to the River." The Land Agreement did not specify the location of that right-of-way. In 1969, Radley executed a deed conveying the inland parcel to the Meyers parents, but the deed did not mention any right-of-way regarding access to the river.
From 1964 through 2017, plaintiffs' family members repeatedly used Lot 10 to access the river and to engage in recreational activities. They installed, on an annual basis, a seasonal dock and boat hoist at Lot 10's waterfront, at times with the help of defendants' family members. In 2017, however, defendants sent plaintiffs a letter "revoking [the] permission" to use Lot 10 and proposing terms for a new agreement to allow plaintiffs to use Lot 10. Plaintiffs rejected the proposal and thereafter commenced this action seeking, inter alia, a determination that they have a prescriptive easement with respect to Lot 10.
Following a nonjury trial, Supreme Court issued an order and judgment that, inter alia, declared that plaintiffs have an easement over and across Lot 10. We now affirm.
As a preliminary matter, it is well settled that where, as here, the appeal is from a nonjury trial, "the Appellate Division has 'authority . . . as broad as that of the trial court . . . and . . . may render the judgment it finds warranted by the facts' " (Sweetman v Suhr, 159 AD3d 1614, 1615 [4th Dept 2018], lv denied 31 NY3d 913 [2018], quoting Northern Westchester Professional [*2]Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). "Nonetheless, 'the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence' " (Unger v Ganci, 200 AD3d 1604, 1605 [4th Dept 2021], quoting Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993]).
We conclude that a fair interpretation of the evidence supports the court's determination that plaintiffs had a prescriptive easement over Lot 10 inasmuch as the use of Lot 10 by plaintiffs' family members has, since 1969, been hostile to the owners' rights.
Unlike title by adverse possession, the determination of an easement by prescription focuses on a party's use of property rather than possession thereof (see Di Leo v Pecksto Holding Corp., 304 NY 505, 510-512 [1952]). To establish an easement by prescription, plaintiffs were required to "establish by clear and convincing evidence [use] that was hostile and under a claim of right; actual; open and notorious; and continuous for the required period" of 10 years (Mau v Schusler, 124 AD3d 1292, 1296 [4th Dept 2015] [emphasis added]; see Beutler v Maynard, 80 AD2d 982, 982 [4th Dept 1981], affd 56 NY2d 538 [1982]; Di Leo, 304 NY at 512). The "hostile and under [a] claim of right" element does not encompass "two distinctly different requirements" (Walling v Przybylo, 24 AD3d 1, 6 [3d Dept 2005], affd 7 NY3d 228 [2006]). Rather, "the two parts of th[at] element have been viewed as virtually synonymous. Both parts require that the possession be truly adverse to the rights of the party holding record title" (id., citing Brand v Prince, 35 NY2d 634, 636 [1974]).
Here, defendants do not contest that plaintiffs established by clear and convincing evidence that their use was actual; open and notorious; and continuous for the required period, inasmuch as plaintiffs are able to "tack[ ] on" the established use by the Meyers parents (Pierce v Frost, 295 AD2d 894, 895 [4th Dept 2002]). The sole disputed issue is whether the use of Lot 10 by the Meyers parents was hostile and under a claim of right, i.e., adverse. We agree with the court that plaintiffs established by clear and convincing evidence that it was hostile and under a claim of right.
"Possession [or use] is hostile when it constitutes an actual invasion of or infringement upon the owner's rights" (Parklands E., LLC v Spangenberg, 174 AD3d 1374, 1376 [4th Dept 2019] [internal quotation marks omitted]). Where a plaintiff's " 'entry upon land has been by permission or under some right or authority derived from the owner, adverse possession does not commence until such permission or authority has been repudiated and renounced and the [plaintiff] thereafter has assumed the attitude of hostility to any right in the real owner' " (Gallea v Hess Realty Corp., 128 AD2d 274, 275-276 [4th Dept 1987], affd 71 NY2d 999 [1988], quoting Hinkley v State of New York, 234 NY 309, 316-317 [1922]). Based on our review of the trial evidence, we conclude that plaintiffs established by clear and convincing evidence that the use of Lot 10 constituted an actual invasion of or infringement upon the owners' rights.
We agree with plaintiffs that the court properly concluded that any provision for a right-of-way in the Land Agreement was extinguished in 1969 when the deed, which did not include any provision for a right-of-way to access the river, was executed. "It is settled law that, where a contract for the sale of land has been executed by a conveyance, the terms of the contract concerning the nature and extent of property conveyed merge into the deed and 'any inconsistencies between the contract and the deed are to be explained and governed solely by the deed, which is presumed to contain the final agreement of the parties' " (Village of Warsaw v Gott, 233 AD2d 864, 865 [4th Dept 1996]; see Pickard v Campbell, 207 AD3d 1105, 1107-1108 [4th Dept 2022]; Gately v Gately, 117 AD3d 1490, 1490 [4th Dept 2014]). Although there are exceptions to the merger doctrine (see Pickard, 207 AD3d at 1108; Sicignano v Dixey, 124 AD3d 1301, 1303-1304 [4th Dept 2015]), none applies here. As a result, even if the Land Agreement granted the Meyers parents a right-of-way over Lot 10, that express grant of authority was terminated as of 1969. Moreover, the Meyers parents and plaintiffs did not thereafter receive any other permission or authority from Radley or defendants to use Lot 10. Nevertheless, the Meyers parents and plaintiffs' family members continued to use Lot 10 to access the river and for other activities during the required period and indeed for almost five decades following the execution of the 1969 deed under a mistaken, albeit reasonable, belief that they had a legal right to do so.
In sum, the right-of-way set forth in the Land Agreement was extinguished by the deed, and the continued use over the ensuing decades constituted " 'an actual invasion of or infringement upon the owner's rights' " (Parklands E., LLC, 174 AD3d at 1376; see Estate of Becker v Murtagh, 19 NY3d 75, 81-83 [2012]; Greenberg v Sutter, 257 AD2d 646, 646-647 [2d Dept 1999]). We thus conclude that the court properly determined that plaintiffs established by clear and convincing evidence that they had a prescriptive easement over and
across Lot 10.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court