Rock Star Enters., LLC v Village of Sylvan Beach (2025 NY Slip Op 02523)

Rock Star Enters., LLC v Village of Sylvan Beach

2025 NY Slip Op 02523

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, AND NOWAK, JJ.

883 CA 23-02064

[*1]ROCK STAR ENTERPRISES, LLC, PLAINTIFF-RESPONDENT,
v
VILLAGE OF SYLVAN BEACH, DEFENDANT-APPELLANT. 

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (NADINE C. BELL OF COUNSEL), FOR DEFENDANT-APPELLANT.
DIRK J. OUDEMOOL, SYRACUSE, FOR PLAINTIFF-RESPONDENT.

 Appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (Scott J. DelConte, J.), entered May 25, 2023. The order and judgment, inter alia, dismissed the first cause of action without prejudice and granted that part of the motion of plaintiff seeking summary judgment on its second cause of action. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying plaintiff's motion in its entirety, vacating the third and fourth ordering paragraphs and dismissing without prejudice the second cause of action, and as modified the order and judgment is affirmed without costs.
Memorandum: In this RPAPL article 15 action, defendant, Village of Sylvan Beach (Village), appeals from an order and judgment that, following a CPLR 2218 hearing, inter alia, dismissed plaintiff's first cause of action, alleging adverse possession, without prejudice for failing to name necessary parties, and granted that part of plaintiff's motion seeking summary judgment on its second cause of action, for permanent injunctive relief.
At issue in this action is the ownership of a concrete patio adjoining a cottage that plaintiff acquired in 2018. The patio extends onto a beach. In 2019, plaintiff and the Village became embroiled in a dispute regarding the ownership of the beach underlying the patio. The Village claimed ownership of the beach, and thus the patio, pursuant to a 1988 quitclaim deed. Plaintiff claimed ownership of the patio via adverse possession. Following depositions and discovery, plaintiff moved for summary judgment on the complaint, and the Village cross-moved for summary judgment "dismissing [the] complaint with prejudice." Supreme Court thereafter issued a written decision in which it determined that plaintiff could not have acquired the patio by adverse possession after 1988 inasmuch as the Village purported to own the beach and has used it for a public purpose since that time (see generally Loree v Barnes, 59 AD3d 965, 965 [4th Dept 2009]). However, the court reserved decision on the motion and cross-motion and ordered a CPLR 2218 hearing to determine the ownership of the property in question in the years between 1968 and 1988, i.e., the time period before the Village obtained the quitclaim deed during which plaintiff alleges that its predecessors in interest adversely possessed the property (see generally RPAPL former 522; Walling v Przybylo, 7 NY3d 228, 232 [2006]).
During the CPLR 2218 hearing, plaintiff called two witnesses and offered several items into evidence; the Village called no witnesses and adduced no documentary evidence. The undisputed evidence adduced during the hearing established that, prior to 1988, there was no deed conveying the beach to the Village, nor was there any indication that the beach was ever publicly owned before 1988. The evidence established that the beach was conveyed to a James D. Spencer in 1873, that there were certain nonparty heirs of Spencer who may still hold title to the beach, and that the Village may not hold any interest in the beach or the patio inasmuch as the chain of title indicated that Spencer's heirs still owned the land when the Village purchased it in [*2]1988, and there was no overlap between the names of those heirs and the names of the grantors on the Village's 1988 quitclaim deed. Following the hearing, the court issued the order and judgment on appeal.
The Village contends that the court erred in dismissing the first cause of action without prejudice, and that it should have dismissed the complaint on the merits. Given the procedural posture of this case, the Village essentially argues that the court erred in denying its cross-motion. We reject that contention. First, in support of its cross-motion, the Village failed to establish that it presently owns the beach—or that it ever owned the beach—given that the grantors of the 1988 quitclaim deed to the Village are not listed on the chain of title.
Furthermore, the Village failed to establish that plaintiff did not obtain title through adverse possession and, in particular, failed to establish that plaintiff could not have obtained title through adverse possession by "tacking" the time that it possessed the property onto the time its predecessors in interest allegedly possessed the property between 1968 and 1988. Under the pre-2008 version of RPAPL article 5, a person could acquire title to property by adverse possession if, for at least 10 years, they possessed the property in a way that was (1) hostile and under claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous (see Walling, 7 NY3d at 232; Rote v Gibbs, 195 AD3d 1521, 1523 [4th Dept 2021], appeal dismissed 37 NY3d 1106 [2021]). Essentially, those elements mean "nothing more than that there must be possession in fact of a type that would give the owner a cause of action in ejectment against the occupier throughout the prescriptive period" (Brand v Prince, 35 NY2d 634, 636 [1974]). Where a party claiming adverse possession has possessed the property for fewer than 10 years, such party can, under some circumstances, "tack" the time that they possessed the property "onto the time that the party's predecessor adversely possessed the property" (Kopp v Rhino Room, Inc., 192 AD3d 1690, 1691 [4th Dept 2021] [internal quotation marks omitted]). Under the pre-2008 version of RPAPL article 5, the central question to be answered when determining whether plaintiff's predecessors in interest adversely possessed the property—so as to permit tacking under the circumstances here—is whether there is "evidence of an intent to hold more than the land which the deed specifically conveyed" (Belotti v Bickhardt, 228 NY 296, 308 [1920] [emphasis added]); the adverse possessors' subjective knowledge is irrelevant (see Walling, 7 NY3d at 232-233).
Here, the Village submitted on its cross-motion, inter alia, the deposition testimony of the principal of the entity that conveyed the property to plaintiff, in which that principal indicated that she intended to convey the use of the patio with the sale of the cottage at issue. In particular, the principal testified that, upon completion of the sale, plaintiff could use the patio, and that the prior owners and renters of the cottage had been using the patio "since the beginning of time." She additionally testified that the owners before her had the same understanding as to the use of the patio, as did the owners before them going back some 50 years. Inasmuch as the evidence presented by the Village established that each owner of the patio intended to convey its use to the next owner, we conclude that the court properly denied the Village's cross-motion with respect to the first cause of action (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Rather, we conclude that, contrary to the Village's contention, the court properly dismissed plaintiff's first cause of action without prejudice. Inasmuch as the Spencer heirs' property rights could be inequitably affected by the outcome of litigation concerning the subject property, they are necessary parties to this action (see RPAPL 1511 [2]).
We agree with the Village, however, that the court erred in granting plaintiff's motion with respect to its second cause of action, for permanent injunctive relief, inasmuch as the first cause of action, which is the only substantive cause of action, was dismissed without prejudice. We conclude that, while the court properly denied the Village's cross-motion with respect to both causes of action (see generally Alvarez, 68 NY2d at 324), the second cause of action should also have been dismissed without prejudice under the circumstances here. It is well settled that permanent injunctive relief "is simply not available when the plaintiff does not have any remaining substantive cause of action" (Pickard v Campbell, 207 AD3d 1105, 1110 [4th Dept 2022], lv denied 39 NY3d 910 [2023] [internal quotation marks omitted]). "Although it is permissible to plead a cause of action for a permanent injunction . . . , permanent injunctive relief is, at its core, a remedy that is dependent on the merits of the substantive claims asserted" (Town of Macedon v Village of Macedon, 129 AD3d 1639, 1641 [4th Dept 2015] [internal quotation marks omitted]; see Pickard, 207 AD3d at 1110). We therefore modify the order and judgment [*3]accordingly.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court